| |
|:---:|
| **Tremor Video, Inc. v Alphonso, Inc.** |
| 2024 NY Slip Op 31981(U) |
| June 7, 2024 |
| Supreme Court, New York County |
| Docket Number: Index No. 653266/2021 |
| Judge: Joel M. Cohen |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK: COMMERCIAL DIVISION PART 03M

-------------------------------------------------------------------------------X

TREMOR VIDEO, INC.,

                                Plaintiff,

                     - v -

ALPHONSO, INC. N/K/A LG ADS, LG ELECTRONICS,
INC.,

                               Defendant.

-------------------------------------------------------------------------------X

| | |
|---|---|
| **INDEX NO.** | 653266/2021 |
| **MOTION DATE** | 01/31/2024, 01/31/2024, 01/31/2024 |
| **MOTION SEQ. NO.** | 033 034 035 |

**DECISION + ORDER ON MOTION**

HON. JOEL M. COHEN:

The following e-filed documents, listed by NYSCEF document number (Motion 033) 1093, 1094, 1095, 1096, 1114, 1117, 1120, 1121, 1122, 1123, 1124, 1125, 1126, 1127, 1128, 1153
were read on this motion to                    SEAL                        .

The following e-filed documents, listed by NYSCEF document number (Motion 034) 1097, 1098, 1099, 1100, 1115, 1118, 1129, 1130, 1131, 1132, 1133, 1134, 1143, 1144, 1145, 1146, 1147, 1148, 1149, 1150, 1151, 1152, 1154
were read on this motion to                    SEAL                        .

The following e-filed documents, listed by NYSCEF document number (Motion 035) 1101, 1102, 1103, 1104, 1116, 1119, 1135, 1136, 1137, 1138, 1139, 1140, 1141, 1142, 1155
were read on this motion to                    SEAL                        .

      Plaintiff Tremor Video, Inc. ("Tremor"), seeks orders sealing and/or redacting exhibits

from that were filed in connection with this proceeding as NYSCEF Document Numbers 720,

722, 729, 733, 734, 735, 738, 739, 1123, 1125, and 1127 (MS 033); 750, 751, 754, 757, 762,

770, 772, 773, 776, 778, 779, 780, 781, 782, 783, 787, 789, 792, 796, 798, 802, 803, 804, 806,

807, 811, 813, 814, 815, 816, 817, 818, 819, 820, 821, 822, 823, 824, 825, 826, 827, 828, 829,

830, 831, 835, 837, 838, 839, 841, 842, 843, 844, 845, 846, 847, 848, 850, 851, 855, 856, 858,

859, 860, 864, 1133, 1144, 1146, 1148, and 1150 (MS 034); 871, 873, 874, 877, 879, 880, 886,

**653266/2021 TREMOR VIDEO, INC. vs. ALPHONSO, INC.**
**Motion No. 033 034 035**

**Page 1 of 5**

897, 898, 899, 900, 901, 903, 905, 907, 909, 910, 913, 915, 917, 918, 919, 920, 921, 923, 924, 929, 931, 932, 933, 937, 940, 941, 942, 943, 944, 945, 946, 947, 948, 950, 952, 959, 961, 966, 968, 1139, and 1141 (MS 035). For the following reasons, the motions are **granted in part**.

Pursuant to § 216.1 (a) of the Uniform Rules for Trial Courts, this Court may seal a filing "upon a written finding of good cause, which shall specify the grounds thereof. In determining whether good cause has been shown, the court shall consider the interests of the public as well as of the parties" (22 NYCRR § 216.1 [a]).

The Appellate Division has emphasized that "there is a broad presumption that the public is entitled to access to judicial proceedings and court records" (*Mosallem v Berenson*, 76 AD3d 345, 348 [1st Dept 2010]). "Since the right [of public access to court proceedings] is of constitutional dimension, any order denying access must be *narrowly tailored to serve compelling objectives*, such as a need for secrecy that outweighs the public's right to access" (*Danco Labs., Ltd. v Chemical Works of Gedeon Richter, Ltd.*, 274 AD2d 1, 6 [1st Dept 2000] [emphasis added]; *see also, e.g. Gryphon Dom. VI, LLC v APP Intern. Fin. Co., B.V.*, 28 AD3d 322, 324 [1st Dept 2006]). "Furthermore, because confidentiality is the exception and not the rule, 'the party seeking to seal court records has the burden to demonstrate compelling circumstances to justify restricting public access'" (*Maxim, Inc. v Feifer*, 145 AD3d 516, 517 [1st Dept 2016] [citations omitted]). The fact that the parties have stipulated to sealing documents, or that they have designated the documents during discovery as "Confidential" or "Highly Confidential," does not, by itself, require granting of the motion (*see, e.g., Maxim*, 145 AD3d at 518; *Gryphon*, 28 AD3d at 324).

The Court has reviewed the proposed sealing of the documents filed as NYSCEF Document Numbers 735 and 739, (MS 033); 750, 754, 776, 782, 787, 802, 803, 813, 814, 815,

**653266/2021 TREMOR VIDEO, INC. vs. ALPHONSO, INC.**
**Motion No. 033 034 035**

**Page 2 of 5**

2 of 5

816, 818, 819, 820, 821, 822, 825, 830, 838, 839, 842, 844, 846, 847, 850, 851, 858, and 864 (MS 034); and 873, 897, 898, 918, 919, 920, 933, 940, 941, 942, 943, 944, 945, and 946 (MS 035), as well as the proposed targeted redactions in connection with the documents filed as NYSCEF Document Numbers 720, 722, 729, 1123, 1125, and 1127 (MS 033); 783, 789, 831, 1133, 1144, 1146, 1148, and 1150 (MS 034); and 877, 879, 880, 937, 1139, and 1141 (MS 035), and finds that they comport with the applicable sealing standard as laid out in *Mosallem*, 76 AD3d at 348-350, and its progeny, in that they contain sensitive and confidential business and financial information. Further, these Exhibits are properly sealed and/or redacted to the extent they contain nonpublic information about confidential contracts or agreements with non-parties (*Mancheski v Gabelli Grp. Capital Partners*, 39 AD3d 499, 502 [2d Dept 2007] ["[D]isclosure could impinge on the privacy rights of third parties who clearly are not litigants herein[.]"]).

However, the parties' generalized assertions of good cause for sealing of the remaining Exhibits filed as document numbers 733, 734, and 738 (MS 033); 751, 757, 762, 770, 772, 773, 778, 779, 780, 781, 792, 796, 798, 804, 806, 807, 811, 817, 823, 824, 826, 827, 828, 829, 835, 837, 841, 843, 845, 848, 855, 856, 859, and 860 (MS 034); and 871, 874, 886, 899, 900, 901, 903, 905, 907, 909, 910, 913, 915, 917, 921, 923, 924, 929, 931, 932, 947, 948, 950, 952, 959, 961, 966, and 968 (MS 035), which they sought unsuccessfully to seal in a prior motion, do not establish a compelling justification for the sealing that is proposed.

Accordingly, it is

**ORDERED** that the motions to seal/redact the Exhibits is **granted** insofar as it seeks to redact confidential portions of or completely seal the documents filed as NYSCEF Document Numbers 720, 722, 729, 735, 739, 1123, 1125, and 1127 (MS 033); 750, 754, 776, 782, 783, 787, 789, 802, 803, 813, 814, 815, 816, 818, 819, 820, 821, 822, 825, 830, 831, 838, 839, 842, 844,

**653266/2021   TREMOR VIDEO, INC. vs. ALPHONSO, INC.**
**Motion No.  033 034 035**

**Page 3 of 5**

846, 847, 850, 851, 858, 864, 1133, 1144, 1146, 1148, and 1150 (MS 034); and 873, 877, 880, 879, 897, 898, 918, 919, 920, 933, 937, 940, 941, 942, 943, 944, 945, 946, 1139, and 1141 (MS 035), and is otherwise **denied**; it is further

**ORDERED** that Plaintiff upload to NYSCEF in redacted form the documents filed as NYSCEF 877 and 880 within 21 days of this decision and order; it is further

**ORDERED** that the County Clerk shall maintain under seal the documents filed as NYSCEF Document Numbers 720, 722, 729, 735, 739, 1123, 1125, and 1127 (MS 033); 750, 754, 776, 782, 783, 787, 789, 802, 803, 813, 814, 815, 816, 818, 819, 820, 821, 822, 825, 830, 831, 838, 839, 842, 844, 846, 847, 850, 851, 858, 864, 1133, 1144, 1146, 1148, and 1150 (MS 034); and 873, 879, 880, 897, 898, 918, 919, 920, 933, 937, 940, 941, 942, 943, 944, 945, 946, 1139 and 1141 (MS 035), so that the documents may be accessible only by the parties, their counsel, and authorized court personnel; it is further

**ORDERED** that the County Clerk unseal the documents filed to the docket as NYSCEF Document Numbers 733, 734, 738 (MS 033); 751, 757, 762, 770, 772, 773, 778, 779, 780, 781, 792, 796, 798, 804, 806, 807, 811, 817, 823, 824, 826, 827, 828, 829, 835, 837, 841, 843, 845, 848, 855, 856, 859, and 860 (MS 034); and 871, 874, 886, 899, 900, 901, 903, 905, 907, 909, 910, 913, 915, 917, 921, 923, 924, 929, 931, 932, 947, 948, 950, 952, 959, 961, 966, and 968 (MS 035); and it is further

**ORDERED** that, as it relates to future submissions that contain subject matter that the court has authorized to be sealed by this Decision and Order which are made by any party, **the parties may file a joint stipulation, to be So Ordered, which will authorize the filing of such future submissions to be filed in sealed and/or redacted form on NYSCEF**, provided that an

**653266/2021   TREMOR VIDEO, INC. vs. ALPHONSO, INC.**
**Motion No.  033 034 035**

**Page 4 of 5**

unredacted copy of any document is contemporaneously filed with a request to seal; and it is further

ORDERED that nothing in this Order shall be construed as authorizing the sealing or redaction of any documents or evidence to be offered at trial.

This constitutes the Decision and Order of the Court.

20240607170605JMC0HENA45094B4660549D6973DBA86A1A36019

| 6/7/2024 | | |
|---|---|---|
| **DATE** | | **JOEL M. COHEN, J.S.C.** |

| CHECK ONE: | [X] CASE DISPOSED | [ ] NON-FINAL DISPOSITION | |
| | [ ] GRANTED | [ ] DENIED | [X] GRANTED IN PART | [ ] OTHER |
| APPLICATION: | [ ] SETTLE ORDER | [ ] SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | [ ] INCLUDES TRANSFER/REASSIGN | [ ] FIDUCIARY APPOINTMENT | [ ] REFERENCE |

**653266/2021   TREMOR VIDEO, INC. vs. ALPHONSO, INC.**
**Motion No.  033 034 035**