| **Berkovec v Blue Matrix I, LLC** |
|:---:|
| 2024 NY Slip Op 33487(U) |
| October 2, 2024 |
| Supreme Court, New York County |
| Docket Number: Index No. 652203/2024 |
| Judge: Joel M. Cohen |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK:  COMMERCIAL DIVISION PART 03M

--------------------------------------------------------------------------------X

KENNETH BERKOVEC

                                Plaintiff,

                       - v -

BLUE MATRIX I, LLC,

                             Defendant.

--------------------------------------------------------------------------------X

| | |
|---|---|
| **INDEX NO.** | 652203/2024 |
| **MOTION DATE** | 05/03/2024, 06/17/2024, 08/20/2024 |
| **MOTION SEQ. NO.** | 001 003 004 |

**DECISION + ORDER ON MOTION**

HON. JOEL M. COHEN:

The following e-filed documents, listed by NYSCEF document number (Motion 001) 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 31, 32, 33

were read on this motion to                          SEAL/REDACT                    .

The following e-filed documents, listed by NYSCEF document number (Motion 003) 43, 44, 45, 46, 47, 48, 49, 50, 51, 52, 53, 54, 55, 56, 57, 58, 59, 60, 61, 62

were read on this motion to                          SEAL/REDACT                    .

The following e-filed documents, listed by NYSCEF document number (Motion 004) 72, 73, 74, 75, 76, 77, 78, 79, 80, 81, 82, 83, 84, 85, 86

were read on this motion to                          SEAL/REDACT                    .

      The parties in this action seek orders sealing and/or redacting exhibits that were filed in connection with this proceeding as NYSCEF Document Numbers 1, 3, 4, 5, 6, 7, and 8 (MS 01) ("Plaintiff's Motion"); and 36, 38, 39, 40, 41, and 42 (MS 03); and 63, 69, 71, 76, 77, 78, 79, 80, and 81 (MS 04) (together with MS 03, "Defendant's Motions").  For the following reasons, the motions are **granted in part**.

      Pursuant to § 216.1 (a) of the Uniform Rules for Trial Courts, this Court may seal a filing "upon a written finding of good cause, which shall specify the grounds thereof.  In determining

652203/2024   BERKOVEC, KENNETH vs. BLUE MATRIX I, LLC
Motion No.  001 003 004

Page 1 of 4

whether good cause has been shown, the court shall consider the interests of the public as well as of the parties" (22 NYCRR § 216.1 [a]).

The Appellate Division has emphasized that "there is a broad presumption that the public is entitled to access to judicial proceedings and court records" (*Mosallem v Berenson*, 76 AD3d 345, 348 [1st Dept 2010]). "Since the right [of public access to court proceedings] is of constitutional dimension, any order denying access must be *narrowly tailored to serve compelling objectives*, such as a need for secrecy that outweighs the public's right to access" (*Danco Labs., Ltd. v Chemical Works of Gedeon Richter, Ltd.*, 274 AD2d 1, 6 [1st Dept 2000] [emphasis added]; *see also, e.g. Gryphon Dom. VI, LLC v APP Intern. Fin. Co., B.V.*, 28 AD3d 322, 324 [1st Dept 2006]). "Furthermore, because confidentiality is the exception and not the rule, 'the party seeking to seal court records has the burden to demonstrate compelling circumstances to justify restricting public access'" (*Maxim, Inc. v Feifer*, 145 AD3d 516, 517 [1st Dept 2016] [citations omitted]).

The Court has reviewed all three motions, and concludes Defendant's proposed targeted redactions of the documents filed as 1, 3, 4, 5, 6, 7, 8, 48, 50, 52, 54, 56, 58, 69, 76, and 78 comport with the applicable sealing standard as laid out in *Mosallem*, 76 AD3d at 348-50, and its progeny, in that the redacted information contains sensitive and confidential business and financial information. Further, these Exhibits are properly sealed and/or redacted to the extent they contain nonpublic information about confidential contracts or agreements with non-parties (*Mancheski v Gabelli Grp. Capital Partners*, 39 AD3d 499, 502 [2d Dept 2007] ["[D]isclosure could impinge on the privacy rights of third parties who clearly are not litigants herein[.]"]). On the other hand, the proposed redactions filed as NYSCEF Document Numbers 69 and 80 are overbroad and tantamount to complete sealing, and Defendant does not establish a compelling

652203/2024   BERKOVEC, KENNETH vs. BLUE MATRIX I, LLC
Motion No. 001 003 004

Page 2 of 4

2 of 4

justification for the nearly complete sealing that is proposed. Accordingly, Defendant should propose and justify more narrowly tailored redactions that satisfy the requirements of 22 NYCRR § 216 [a], applicable case law, and this Decision and Order.

Any subsequent motion seeking to address the above concerns should adhere to this Part's Sealing Practices and Procedures (*see* https://www.nycourts.gov/LegacyPDFS/courts/comdiv/NY/PDFs/part3-sealing-practices.pdf), including the requirement to submit an affidavit based on personal knowledge attesting to the factual bases for redaction and a spreadsheet setting forth a non-conclusory good faith basis for each proposed redaction.

Accordingly, it is

**ORDERED** that Plaintiff's motion (MS 01) is **granted in part** to the extent of Defendant's proposed redactions; it is further

**ORDERED** that Defendant's Motion Sequence 03 is **granted** and Motion Sequence 04 is **granted in part**; it is further

**ORDERED** that the County Clerk shall maintain the unredacted documents filed as NYSCEF Document Numbers 1, 3, 4, 5, 6, 7, and 8 (MS 01); 36, 38, 39, 40, 41, and 42 (MS 03), and 63, 69, 76, and 78 (MS 04) under seal, so that the documents may be accessible by the parties, their counsel, and authorized court personnel; and it is further

**ORDERED** that the exhibits sealed by this Order be permitted to remain on the docket in redacted form; it is further

**ORDERED** that the exhibits filed as NYSCEF Document Numbers 80 shall remain provisionally sealed for 21 days from the date of the Court's entry of this Decision and Order on NYSCEF. If any party file a new motion to seal or redact confidential portions of the documents

652203/2024   BERKOVEC, KENNETH vs. BLUE MATRIX I, LLC
Motion No.  001 003 004

Page 3 of 4

[* 3]

consistent with this Decision and Order within that 21-day period (or a stipulation as permitted by this Decision and Order), the documents shall remain provisionally sealed pending resolution of that motion. If no such motion is filed within 21 days from the entry of this Decision and Order, the parties shall alert the County Clerk that the motion to seal the above-referenced documents has been denied by the Court and that the documents should be unsealed on NYSCEF; it is further

ORDERED that, to the extent they have not already done so, the parties shall upload redacted copies to NYSCEF of the documents for which sealing/redaction is granted; it is further

ORDERED that nothing in this Decision and Order shall be construed as sealing documents or testimony to be admitted at trial; and it is further

ORDERED that, as it relates to future submissions made by either party which contain subject matter that the court has authorized to be sealed by this Decision and Order, **the parties may file a joint stipulation, to be So Ordered, which will authorize the filing of such future submissions to be filed in sealed and/or redacted form on NYSCEF**, provided that an unredacted copy of any document is contemporaneously filed with a request to seal.

This constitutes the Decision and Order of the Court.

|  |  |
|---|---|
| **10/2/2024** | 20241002093429JMC0HEN621109AB2538B4FA0AC517C4D0F9823C2 |
| DATE | JOEL M. COHEN, J.S.C. |

| CHECK ONE: | ☐ CASE DISPOSED | ☒ NON-FINAL DISPOSITION |  |
|---|---|---|---|
|  | ☐ GRANTED   ☐ DENIED | ☒ GRANTED IN PART | ☐ OTHER |
| APPLICATION: | ☐ SETTLE ORDER | ☐ SUBMIT ORDER |  |
| CHECK IF APPROPRIATE: | ☐ INCLUDES TRANSFER/REASSIGN | ☐ FIDUCIARY APPOINTMENT | ☐ REFERENCE |

652203/2024   BERKOVEC, KENNETH vs. BLUE MATRIX I, LLC
Motion No.  001 003 004

Page 4 of 4

4 of 4