## GSCP VI Edgemarc Holdings, L.L.C. v ETC Northeast Pipeline, LLC

2024 NY Slip Op 33994(U)

November 9, 2024

Supreme Court, New York County

Docket Number: Index No. 652906/2019

Judge: Joel M. Cohen

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK:  COMMERCIAL DIVISION PART 03M

-----------------------------------------------------------------------------------X

GSCP VI EDGEMARC HOLDINGS, L.L.C., GSCP VI PARALLEL EDGEMARC HOLDINGS, L.L.C., WSEP AND BRIDGE 2012 EDGEMARC HOLDINGS, L.L.C., EM HOLDCO LLC,

Plaintiffs,

- v -

ETC NORTHEAST PIPELINE, LLC,

Defendant.

-----------------------------------------------------------------------------------X

| | |
|---|---|
| **INDEX NO.** | 652906/2019 |
| **MOTION DATE** | 08/16/2024, 10/01/2024 |
| **MOTION SEQ. NO.** | 023 026 |

**DECISION + ORDER ON MOTION**

HON. JOEL M. COHEN:

The following e-filed documents, listed by NYSCEF document number (Motion 023) 840, 841, 842, 843, 858, 859

were read on this motion to          SEAL                                                              .

The following e-filed documents, listed by NYSCEF document number (Motion 026) 869, 870, 871, 872, 873, 874, 876, 877

were read on this motion to          SEAL                                                              .

Defendant ETC Northeast Pipeline, LLC ("Defendant") moves for an order sealing and/or redacting NYSCEF Nos. 789, 791, 793, 795, 797, 799, 801, 803, 805, 807, 809, 811, 813, 814, 815, 817, 819, 821, 823, 825, 827, 829, 831, 833, 835 and 838 (Mot. Seq. 023) and NYSCEF 861 and 872 (Mot. Seq. 026) filed in connection with Defendant's motions *in limine*. Plaintiffs, investment funds affiliated with Goldman Sachs & Co. LLC or the Ontario Teachers' Pension Plan Board ("Plaintiffs") filed a response to Mot. Seq. 023, stating that "plaintiffs do not object to these sealing requests at this time" but that they reserve the right to object to any sealing of documents at trial (NYSCEF 858).  For the following reasons, Defendant's motions are **granted in part**.

**652906/2019   GSCP VI EDGEMARC HOLDINGS, vs. ETC NORTHEAST PIPELINE, LLC**
**Motion No.  023 026**

Page 1 of 4

Pursuant to § 216.1(a) of the Uniform Rules for Trial Courts, this Court may seal a filing "upon a written finding of good cause, which shall specify the grounds thereof. In determining whether good cause has been shown, the court shall consider the interests of the public as well as of the parties" (22 NYCRR § 216.1[a]).

The Appellate Division has emphasized that "there is a broad presumption that the public is entitled to access to judicial proceedings and court records" (*Mosallem v Berenson*, 76 AD3d 345, 348 [1st Dept 2010]). "Since the right [of public access to court proceedings] is of constitutional dimension, any order denying access must be *narrowly tailored to serve compelling objectives*, such as a need for secrecy that outweighs the public's right to access" (*Danco Labs., Ltd. v Chemical Works of Gedeon Richter, Ltd.*, 274 AD2d 1, 6 [1st Dept 2000] [emphasis added]; *see also, e.g. Gryphon Dom. VI, LLC v APP Intern. Fin. Co., B.V.*, 28 AD3d 322, 324 [1st Dept 2006]). "Furthermore, because confidentiality is the exception and not the rule, 'the party seeking to seal court records has the burden to demonstrate compelling circumstances to justify restricting public access'" (*Maxim, Inc. v Feifer*, 145 AD3d 516, 517 [1st Dept 2016] [citations omitted]).

The Court has reviewed Exhibit A-5, A-6, A-7, A-8, A-23, A-24 (NYSCEF 789, 791, 793, 795, 815, 838), and finds that sealing of these reports comports with the applicable sealing standards as laid out in *Mosallem*, 76 AD3d at 348-50, and its progeny, in that they contain confidential information concerning a high-pressure natural gas pipeline, including location, slope stabilization evaluation, plans, and engineering specifications. Likewise, the Court has reviewed the memorandum of law (NYSCEF 878 [redacted version filed at NYSCEF 835][1]) and

---

[1] NYSCEF 835 is redacted and thus should not be filed under seal. The Clerk will be directed to unseal it.

**652906/2019   GSCP VI EDGEMARC HOLDINGS, vs. ETC NORTHEAST PIPELINE, LLC**   **Page 2 of 4**
**Motion No.  023 026**

2 of 4

the reply brief (NYSCEF 861 and 872 [redacted version filed at NYSCEF 873]), and finds that the proposed redactions comport with the applicable sealing standards in that they contain sensitive and confidential information concerning Mr. Krancer's legal representation of ETC's sister companies Sunoco Pipeline, LP, and Sunoco Logistics, LP.

However, as to the deposition transcripts (Ex. A-9, A-10, A-15, A-19, A-25, A-2, A-9, A-10, A-11, A-12 [NYSCEF 797, 799, 805, 809, 817, 823, 827, 829, 831, 833]), Defendant fails to explain why targeted redactions (rather than complete sealing) would not adequately protect its interests. The fact that parties have stipulated to sealing documents, or that they have designated the documents during discovery as "Confidential" or "Highly Confidential," does not, by itself, require granting of the motion (*see, e.g., Maxim*, 145 AD3d at 518; *Gryphon*, 28 AD3d at 324). In view of the admonition that sealing of court records must be "narrowly tailored to serve compelling objectives," (*Danco*, 274 AD2d at 6), Defendant is directed to work with Plaintiff to narrowly redact any sensitive or confidential information and refile these documents.

As to plaintiffs' expert report of Michael Krancer (Ex. A-20, A-1 [NYSCEF 811, 821]), this should be refiled to mirror the redactions contained in NYSCEF 663, which were previously accepted. Similarly, as to the expert report of Najib Abboud (Ex. A-11, A-17, A-21, A-26 [NYSCEF 801, 807, 813, 819]), and Richard Easler (Ex. A-12 [NYSCEF 803]), the parties are directed to work together and refile these reports with appropriate and targeted redactions.

Sealing of the Curriculum vitae of Michael Krancer (Ex. A-3 [NYSCEF 825]) is denied.

Accordingly, it is:

**ORDERED** that Motion Sequence Number 023 is **GRANTED IN PART**; it is further

**ORDERED** that Motion Sequence Number 026 is **GRANTED**; it is further

**652906/2019 GSCP VI EDGEMARC HOLDINGS, vs. ETC NORTHEAST PIPELINE, LLC**
**Motion No. 023 026**

Page 3 of 4

3 of 4

**ORDERED** that the Clerk of the Court is directed to maintain NYSCEF Document Numbers 789, 791, 793, 795, 797, 799, 801, 803, 805, 807, 809, 811, 813, 814, 815, 817, 819, 821, 823, 825, 827, 829, 831, 833, 835 and 838, 861, 872, 878 under seal, so that the document may only be accessible by the parties, their counsel, and authorized court personnel; it is further

**ORDERED** that Defendant shall filed redacted versions of NYSCEF Document Numbers NYSCEF 797, 799, 801, 803, 805, 807, 809, 811, 813, 817, 819, 821, 823, 827, 829, 831, and 833 within twenty (20) days of the date of this Order, consistent with the aforementioned instructions; it is further

**ORDERED** that the Clerk of the Court shall unseal NYSCEF 825 and 835; it is further

**ORDERED** that nothing in this Order shall be construed as authorizing the sealing or redactions of any documents or evidence to be offered at trial; it is further

**ORDERED** that service upon the Clerk of the Court shall be made in accordance with the procedures set forth in the *Protocol on Courthouse and County Clerk Procedures for Electronically Filed Cases* (accessible at the "E-Filing" page on the court's website).

20241109120752JMCOHEN53BA27F3CF5D4D85BD2ED69AEDAD13AF

| | |
|---|---|
| **11/9/2024** | |
| **DATE** | **JOEL M. COHEN, J.S.C.** |

| CHECK ONE: | ☐ CASE DISPOSED | ☒ NON-FINAL DISPOSITION | |
|---|---|---|---|
| | ☐ GRANTED ☐ DENIED | ☒ GRANTED IN PART | ☐ OTHER |
| APPLICATION: | ☐ SETTLE ORDER | ☐ SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | ☐ INCLUDES TRANSFER/REASSIGN | ☐ FIDUCIARY APPOINTMENT | ☐ REFERENCE |

**652906/2019   GSCP VI EDGEMARC HOLDINGS, vs. ETC NORTHEAST PIPELINE, LLC**
Motion No.  023 026

Page 4 of 4

4 of 4

[* 4]