■ MAXIM INC. et al., Respondents, v JASON FEIFER et al., Defendants. HEARST NEWSPAPERS, LLC, et al., Proposed Intervenors-Appellants. MAXIM INC. et al., Respondents, v JASON FEIFER et al., Defendants. HEARST NEWSPAPERS, LLC, et al., Proposed Intervenors-Appellants. [43 NYS3d 313]—

Order, Supreme Court, New York County (Joan M. Kenney, J.), entered on or about May 4, 2016, which, to the extent appealed from as limited to the briefs, denied the motion of nonparty appellants Hearst Newspapers, LLC and Daily News L.P., to intervene in the action bearing index No. 654137/2015 for the limited purpose of obtaining access to court records, and to grant public access to certain redacted records, unanimously reversed, on the law, without costs, and the motion granted in accordance with this memorandum. Order, same court and Justice, entered on or about May 3, 2016, which denied the motion of nonparty appellants to intervene in the action bearing index No. 162933/2015 for the limited purpose of obtaining public access to court records, and to grant public access to the complete case file in this action, unanimously reversed, on the law, without costs, and the motion granted in accordance with this memorandum.

This appeal involves two related actions. In the first action, plaintiffs Maxim Inc. and Sardar Biglari brought claims for defamation, breach of contract, and fraudulent inducement against defendants Jason Feifer and Wayne Gross. In the second action, plaintiff Maxim sought, among other things, to enjoin defendants Feifer and Charna Sherman from disclosing confidential business information. In the first action, plaintiffs redacted several documents before filing them with the clerk's office, and these documents remain redacted. In the second action, the motion court completely sealed the record based on a joint stipulation between the parties, which the court so-ordered. That stipulation did not fully explain the reasons for sealing or make reference to the standards in the applicable court rule. The proposed intervenors, Hearst Newspapers and Daily News, filed a motion to intervene in each action for the limited purpose of obtaining access to the sealed documents.[1] The motion court denied the motions in identical one-sentence orders which contained no discussion of the press's specific

1. Because the proposed intervenors did not have access to the redacted documents in the first action and the entire sealed record in the second ac-

interest or analysis of whether the parties met their burden to justify sealing. These appeals followed, and we now reverse.

This Court has previously held that there is a "broad presumption that the public is entitled to access to judicial proceedings and court records" (*Mosallem v Berenson,* 76 AD3d 345, 348 [1st Dept 2010], citing *Mancheski v Gabelli Group Capital Partners,* 39 AD3d 499, 501 [2d Dept 2007]). The right of public access includes the right of the press to read and review court documents, unless those documents have been sealed pursuant to a statutory provision or by a properly issued sealing order. To allow them to assert their interests here, the proposed intervenors should be allowed to intervene in both actions for the limited purpose of obtaining access to court records (*see Mancheski* at 501 ["prior to issuance of an order to seal judicial documents, the court is obligated, where possible, to afford news media an opportunity to be heard"], citing *Matter of Herald Co. v Weisenberg,* 59 NY2d 378, 383 [1983]).[2]

Furthermore, because confidentiality is the exception and not the rule (*Mancheski* at 501, citing *Matter of Hofmann,* 284 AD2d 92, 93-94 [1st Dept 2001]), "the party seeking to seal court records has the burden to demonstrate compelling circumstances to justify restricting public access" (*Mosallem* at 349, citing *Mancheski* at 502). Having reviewed the record, we see no basis to seal the entire court record in the second action; therefore, we vacate the sealing order. It appears that the motion court sealed the second action because the parties stipulated to it. Before sealing, the motion court should have made its own written finding of good cause, as is required by the provisions of the Uniform Rules for Trial Courts (22 NYCRR) § 216.1 (a) (*see Mosallem* at 349-353; *Danco Labs. v Chemical Works of Gedeon Richter,* 274 AD2d 1, 6-8 [1st Dept 2000]).

We conclude that there was no basis for the May 3, 2016 order, because the record contains many non-confidential items. For example, the motion court's March 21, 2016 order, which among other things, directed the parties "to extend courtesy to each other" and set forth certain scheduling directions, was filed under seal. Nothing in that order involves trade secrets, confidential business information, or proprietary information. Another example of a document which was incorrectly sealed is

---

tion, they did not know the contents of each document. This Court obtained the sealed record from the Supreme Court.

**2.** Because the press filed a written motion to intervene for the limited purpose of obtaining public access to court records, we need not address whether this request could have been made orally.

a request for judicial intervention form, which clearly does not contain any information that would satisfy the good cause requirement. We recognize that it may be easier for the parties and the motion court to seal an entire court record, rather than make a determination on a document by document basis about sealing, but administrative convenience is not a compelling reason to justify sealing. In addition, although the parties might prefer there be no further publicity about this case, that is not a sufficient basis for sealing. While the second action seeks an injunction preventing defendants from making public confidential business information of Maxim's parent company and releasing recordings of business meetings, that allegedly confidential information is not contained in the complaint.[3]

The proposed intervenors on appeal also seek access to several documents that plaintiffs redacted before filing them with the clerk's office. The motion court, in that action, correctly recognized that good cause must be established for sealing, but failed to adequately explain the reason for the redactions. Although it is difficult to discern any basis for redactions in the memorandum of law and affirmation, and the unredacted documents have not been obtained by us, the briefs on appeal fail to provide specific reasons to redact the two documents.

Therefore, as to the first action, to the extent that certain documents remain redacted, plaintiffs are directed to file unredacted copies of the above documents. As to the second action, the sealing order is vacated. While these appeals have been pending, we do not know if other documents have been filed in the second action that might contain confidential business or proprietary information. The clerk shall not release for 10 days from the date of this order, any documents in the second action that have been filed since the May 3, 2016 order, or the unredacted documents in the first action that are the subject of this motion. In the event that any party wishes to continue to redact[4] the previously redacted documents in the first action, or to seal or redact specific post May 3, 2016 documents in the second action, they shall make this request to the trial court by an order to show cause on notice to the parties and the proposed intervenors, filed within the 10-day time period set forth above, and the trial court shall decide the mo-

---

**3.** It does not appear that the allegedly misappropriated records, photographs, and recordings are in the court record that was obtained by us. If they are in another part of the clerk's office and the parties wish to seal these items, they must, on notice to the proposed intervenors, file a sealing motion.

**4.** We recognize there are court rules concerning redaction of personally identifiable information, but those rules are not implicated here.

tion in a written decision that complies with section 216.1 (a) of the Uniform Rules for Trial Courts (22 NYCRR). If such a motion is made within this 10-day period, the clerk shall not release any documents sought to be sealed by that motion until the motion court rules. Concur—Richter, J.P., Manzanet-Daniels, Feinman, Kapnick and Gesmer, JJ.