| **International Bus. Machs. Corp. v Global Foundries U.S. Inc.** |
| --- |
| 2024 NY Slip Op 31065(U) |
| March 29, 2024 |
| Supreme Court, New York County |
| Docket Number: Index No. 653625/2021 |
| Judge: Joel M. Cohen |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK:  COMMERCIAL DIVISION PART 03M

-------------------------------------------------------------------------------X

INTERNATIONAL BUSINESS MACHINES
CORPORATION,

|                      | | |
|---|---|---|
| **INDEX NO.** | 653625/2021 |
| **MOTION DATE** | 10/13/2023, 10/18/2023, 01/16/2024 |
| **MOTION SEQ. NO.** | 044 045 049 |

Plaintiff,

- v -

GLOBALFOUNDRIES U.S. INC.,

Defendant.

**DECISION + ORDER ON MOTION**

-------------------------------------------------------------------------------X

HON. JOEL M. COHEN:

The following e-filed documents, listed by NYSCEF document number (Motion 044) 929, 930, 931, 932, 933, 934, 935, 936, 937, 938, 939, 940, 941, 942, 943, 944, 945, 946, 947, 948, 1010, 1350

were read on this motion to        SEAL / REDACT       .

The following e-filed documents, listed by NYSCEF document number (Motion 045) 953, 954, 955, 956, 957, 958, 959, 960, 961, 962, 1008, 1311, 1353

were read on this motion to        SEAL / REDACT       .

The following e-filed documents, listed by NYSCEF document number (Motion 049) 1333, 1334, 1335, 1336, 1337, 1338, 1339, 1340, 1341, 1342, 1343, 1344, 1345, 1352

were read on this motion to        SEAL / REDACT       .

The parties to this action seek orders sealing and/or redacting exhibits from that were filed in connection with this proceeding as NYSCEF Document Numbers 918, 922, 924, 925, 926, 927, 928, 932, 933, 934, 935, 936, 937, 938, 939, 940, 941, 942, 943, 944, and 945 (MS 044); Document Numbers 949, 951, and 952 (MS 045); and Document Numbers 860, 866, 875, 877, 878, 894, 896, 897, 976, 982, 984, 986, 1336, 1338, 1340, and 1342 (MS 049).  For the following reasons, the motions are **granted in part**.

Pursuant to § 216.1 (a) of the Uniform Rules for Trial Courts, this Court may seal a filing "upon a written finding of good cause, which shall specify the grounds thereof.  In determining

**653625/2021  INTERNATIONAL BUSINESS vs. GLOBALFOUNDRIES U.S. INC.**      **Page 1 of 5**
**Motion No.  044 045 049**

1 of 5

whether good cause has been shown, the court shall consider the interests of the public as well as of the parties" (22 NYCRR § 216.1 [a]).

The Appellate Division has emphasized that "there is a broad presumption that the public is entitled to access to judicial proceedings and court records" (*Mosallem v Berenson*, 76 AD3d 345, 348 [1st Dept 2010]). "Since the right [of public access to court proceedings] is of constitutional dimension, any order denying access must be *narrowly tailored to serve compelling objectives*, such as a need for secrecy that outweighs the public's right to access" (*Danco Labs., Ltd. v Chemical Works of Gedeon Richter, Ltd.*, 274 AD2d 1, 6 [1st Dept 2000] [emphasis added]; *see also, e.g. Gryphon Dom. VI, LLC v APP Intern. Fin. Co., B.V.*, 28 AD3d 322, 324 [1st Dept 2006]). "Furthermore, because confidentiality is the exception and not the rule, 'the party seeking to seal court records has the burden to demonstrate compelling circumstances to justify restricting public access'" (*Maxim, Inc. v Feifer*, 145 AD3d 516, 517 [1st Dept 2016] [citations omitted]).

The Court has reviewed the proposed sealing and/or targeted redactions in the documents filed as NYSCEF Document Numbers 918, 922, 924, 925, 926, 927, 928, 932, 934, 936, 938, 940, 942, and 944 (MS 044); Document Numbers 949 and 951 (MS 045); and Document Numbers 860, 866, 875, 877, 878, 894, 896, 897, 976, 982, 984, 986, 1336, 1338, 1340, and 1342 (MS 049), and finds that they comport with the applicable sealing standard as laid out in *Mosallem*, 76 AD3d at 348-350, and its progeny, in that they contain sensitive and confidential business and financial information.

However, the parties' generalized assertions of good cause as to the remaining Exhibits filed as document number 952 (MS 045) do not establish a compelling justification for the complete sealing that is proposed. While *portions* of these documents may include confidential

**653625/2021   INTERNATIONAL BUSINESS vs. GLOBALFOUNDRIES U.S. INC.**
**Motion No.  044 045 049**

**Page 2 of 5**

2 of 5

business and financial information, the proposed sealing is not adequately explained or justified. Thus, the parties should propose and justify targeted redactions that satisfy the requirements of 22 NYCRR § 216 [a] and applicable case law.

No party makes an argument that the documents filed as NYSCEF Document Numbers 933, 935, 937, 939, 941, 943, or 945 (MS 044) should be sealed, and upon review, the files uploaded to NYSCEF are only cover sheets or redacted copies of documents. Therefore, these documents will not be sealed.

Any subsequent motion seeking to address the above concerns should adhere to this Part's Sealing Practices and Procedures (*see* https://www.nycourts.gov/LegacyPDFS/courts/comdiv/NY/PDFs/part3-sealing-practices.pdf), including the requirement to submit an affidavit based on personal knowledge attesting to the factual bases for redaction and a spreadsheet setting forth a non-conclusory good faith basis for each proposed redaction.

Accordingly, it is

**ORDERED** that the motions to seal/redact the Exhibits are **granted** insofar as they seek to <u>seal</u> the documents filed as NYSCEF Document Numbers 922, 924, 925, 926, 927, 928, 932, 934, 936, 938, 940, and 942 (MS 044); Document Numbers 949 and 951 (MS 045); and Document Numbers 860, 866, 875, 877, 878, 894, 896, 897, 976, 982, 984, 986, 1336, 1338, 1340, and 1342 (MS 049); it is further

**ORDERED** that the motions to seal/redact the Exhibits are **granted** insofar as they seek to <u>redact</u> confidential portions of the documents filed as NYSCEF Document Number 918 and 944; it is further

**ORDERED** that the motions to seal/redact the Exhibits are **denied** as to the document filed as NYSCEF Document Number 952 (MS 045), without prejudice to filing a new motion within 21 days to **redact confidential *portions*** of this Exhibit consistent with this Decision and Order and applicable case law; it is further

**ORDERED** that the County Clerk shall maintain the documents filed as NYSCEF Document Numbers 918, 922, 924, 925, 926, 927, 928, 932, 934, 936, 938, 940, 942, and 944 (MS 044); Document Numbers 949 and 951 (MS 045); and Document Numbers 860, 866, 875, 877, 878, 894, 896, 897, 976, 982, 984, 986, 1336, 1338, 1340, and 1342 (MS 049) under seal, so that the documents may be accessible by the parties, their counsel, and authorized court personnel; it is further

**ORDERED** that the document filed as NYSCEF Document Number 952 (MS 045) shall remain provisionally sealed for 21 days from the date of the Court's entry of this Decision and Order on NYSCEF. If any party files a new motion to redact/seal confidential ***portions*** of the document consistent with this Decision and Order within that 21-day period, the document shall remain provisionally sealed pending resolution of that motion. If no such motion is filed within 21 days from the entry of this Decision and Order, the parties shall alert the County Clerk that the motion to seal the above-referenced documents has been denied by the Court and that the documents should be unsealed on NYSCEF; it is further

**ORDERED** that the County Clerk shall unseal the documents filed to the docket as NYSCEF Document Numbers 933, 935, 937, 939, 941, 943, or 945 (MS 044); it is further

**ORDERED** that, to the extent they have not already done so, the parties shall upload redacted copies to NYSCEF of the documents filed at NYSCEF Document Numbers 918 and 944 (MS 044); it is further

**653625/2021 INTERNATIONAL BUSINESS vs. GLOBALFOUNDRIES U.S. INC.**
**Motion No. 044 045 049**

**Page 4 of 5**

4 of 5

**ORDERED** that nothing in this Decision and Order shall be construed as sealing documents or testimony to be admitted at trial; it is further

**ORDERED** that, as it relates to future submissions that contain subject matter that the court has authorized to be sealed by this Decision and Order which are made by any party, **the parties may file a joint stipulation, to be So Ordered, which will authorize the filing of such future submissions to be filed in sealed and/or redacted form on NYSCEF**, provided that an unredacted copy of any document is contemporaneously filed with a request to seal.

This constitutes the Decision and Order of the Court.

20240329155604JMC0HEN123977161B7904E15945D6EEA4394DE87

_____
3/29/2024
**DATE**

_____
**JOEL M. COHEN, J.S.C.**

| CHECK ONE: | | CASE DISPOSED | | | X | NON-FINAL DISPOSITION | | |
|---|---|---|---|---|---|---|---|---|
| | | GRANTED | | DENIED | X | GRANTED IN PART | | OTHER |
| APPLICATION: | | SETTLE ORDER | | | | SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | | FIDUCIARY APPOINTMENT | | REFERENCE |

653625/2021   INTERNATIONAL BUSINESS vs. GLOBALFOUNDRIES U.S. INC.                Page 5 of 5
Motion No.  044 045 049

5 of 5

[* 5]