**Turner Broadcasting Sys., Inc. v National Basketball Assn.**

2024 NY Slip Op 33570(U)

October 7, 2024

Sup Ct, NY County

Docket Number: Index No. 653721/2024

Judge: Joel M. Cohen

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK:  COMMERCIAL DIVISION PART 03M

---------------------------------------------------------------------------------X

TURNER BROADCASTING SYSTEM, INC., WARNER
BROS. DISCOVERY, INC.,

|  |  |
|---|---|
| **INDEX NO.** | 653721/2024 |

Plaintiffs,

|  |  |
|---|---|
| **MOTION DATE** | 07/26/2024 |

- v -

|  |  |
|---|---|
| **MOTION SEQ. NO.** | 001 |

NATIONAL BASKETBALL ASSOCIATION, NBA MEDIA
VENTURES, LLC, NBA PROPERTIES, INC.

**DECISION + ORDER ON
MOTION**

Defendants.

---------------------------------------------------------------------------------X

HON. JOEL M. COHEN:

The following e-filed documents, listed by NYSCEF document number (Motion 001) 11, 12, 13, 14, 15,
16, 19, 30, 35, 36, 37, 38

were read on this motion to _____SEAL_____.

Plaintiffs Turner Broadcasting System, Inc., and Warner Bros. Discovery, Inc.

(collectively, "Plaintiffs") provisionally moved to seal and/or redact the Complaint and Exhibits

2-7 thereto (NYSCEF 2, 4, 5, 6, 7, 8, & 9) to provide Defendants National Basketball

Association, NBA Media Ventures, LLC, and NBA Properties, Inc. (collectively, "Defendants")

an opportunity to move for an order permanently sealing or redacting those documents.

Defendants do not seek sealing of the Complaint or Exhibits 2 and 4, but request that Exhibits 3,

5, 6 and 7 remain under seal (*see* NYSCEF 35).  For the following reasons, the motion is denied,

in part without prejudice to propose targeted redaction of certain documents rather than complete

sealing.

Pursuant to § 216.1 (a) of the Uniform Rules for Trial Courts, this Court may seal a filing

"upon a written finding of good cause, which shall specify the grounds thereof.  In determining

**653721/2024   TURNER BROADCASTING SYSTEM, INC. ET AL vs. NATIONAL BASKETBALL
ASSOCIATION ET AL
Motion No.  001**

**Page 1 of 4**

whether good cause has been shown, the court shall consider the interests of the public as well as of the parties" (22 NYCRR § 216.1 [a]).

The Appellate Division has emphasized that "there is a broad presumption that the public is entitled to access to judicial proceedings and court records" (*Mosallem v Berenson*, 76 AD3d 345, 348 [1st Dept 2010]). "Since the right [of public access to court proceedings] is of constitutional dimension, any order denying access must be *narrowly tailored to serve compelling objectives*, such as a need for secrecy that outweighs the public's right to access" (*Danco Labs., Ltd. v Chemical Works of Gedeon Richter, Ltd.*, 274 AD2d 1, 6 [1st Dept 2000] [emphasis added]; *see also, e.g. Gryphon Dom. VI, LLC v APP Intern. Fin. Co., B.V.*, 28 AD3d 322, 324 [1st Dept 2006]). "Furthermore, because confidentiality is the exception and not the rule, 'the party seeking to seal court records has the burden to demonstrate compelling circumstances to justify restricting public access'" (*Maxim, Inc. v Feifer*, 145 AD3d 516, 517 [1st Dept 2016] [citations omitted]).

The Court has reviewed Exhibits 3, 5, 6 and 7 and finds that Defendants' generalized assertions of confidentiality do not establish a compelling justification for the complete sealing that is proposed. While *portions* of Exhibits 3, 5, 6 and 7 may include protectable confidential business information, Defendants have not made any attempt to isolate the specific portions of those documents that genuinely require redaction under the rigorous standards described above. In view of the admonition that sealing of court records must be "narrowly tailored to serve compelling objectives," (*Danco*, 274 AD2d at 6), Defendants will need to propose and justify targeted redactions that satisfy the requirements of 22 NYCRR § 216 [a] and applicable case law.

Any subsequent motion seeking to address the above concerns should adhere to this Part's Sealing Practices and Procedures (see

**653721/2024   TURNER BROADCASTING SYSTEM, INC. ET AL vs. NATIONAL BASKETBALL ASSOCIATION ET AL**
**Motion No.  001**

**Page 2 of 4**

2 of 4

[* 2]

https://www.nycourts.gov/LegacyPDFS/courts/comdiv/NY/PDFs/part3-sealing-practices.pdf), including the requirement to submit an affidavit based on personal knowledge attesting to the factual bases for redaction and a spreadsheet setting forth the good faith basis for each proposed redaction.

Accordingly, it is

**ORDERED** that to motion to seal or redact is **DENIED** without prejudice to filing a new motion within 21 days to redact confidential portions of Exhibits 3, 5, 6 and/or 7 (NYSCEF 5, 7, 8, & 9) consistent with this Decision and Order and applicable case law; it is further

**ORDERED** that the County Clerk is directed to <u>unseal</u> the Complaint (NYSCEF 2) and Exhibits 2 and 4 (NYSCEF 4, 6) thereto; it is further

**ORDERED** that Exhibits 3, 5, 6, and 7 to the Complaint (NYSCEF 5, 7, 8, & 9) shall remain provisionally sealed for 21 days from the date of the Court's entry of this Decision and Order on NYSCEF. If the parties file a new motion to seal or redact confidential portions of the documents consistent with this Decision and Order within that 21-day period, the documents shall remain provisionally sealed pending resolution of that motion. If no such motion is filed within 21 days from the entry of this Decision and Order, the parties shall within three business days thereafter direct the County Clerk to file unredacted/unsealed copies of the documents on NYSCEF; and it is further

**ORDERED** that nothing in this Decision and Order shall be construed as sealing documents or testimony to be admitted at trial; and it is further

**ORDERED** that service upon the County Clerk shall be made in accordance with the procedures set forth in the *Protocol on Courthouse and County Clerk Procedures for Electronically Filed Cases* (accessible at the "E-Filing" page on the court's website).

**653721/2024   TURNER BROADCASTING SYSTEM, INC. ET AL vs. NATIONAL BASKETBALL ASSOCIATION ET AL**
**Motion No.  001**

**Page 3 of 4**

[* 3]

This constitutes the decision and order of the Court.

20241007132029JMCOHEN5F5A4B33421D466E8E649BD6BEC926C6

_____
**10/7/2024**
**DATE**

_____
**JOEL M. COHEN, J.S.C.**

| | | | | |
|---|---|---|---|---|
| **CHECK ONE:** | ☐ CASE DISPOSED | | ☒ NON-FINAL DISPOSITION | |
| | ☐ GRANTED | ☒ DENIED | ☐ GRANTED IN PART | ☐ OTHER |
| **APPLICATION:** | ☐ SETTLE ORDER | | ☐ SUBMIT ORDER | |
| **CHECK IF APPROPRIATE:** | ☐ INCLUDES TRANSFER/REASSIGN | | ☐ FIDUCIARY APPOINTMENT | ☐ REFERENCE |

**653721/2024  TURNER BROADCASTING SYSTEM, INC. ET AL vs. NATIONAL BASKETBALL ASSOCIATION ET AL**
**Motion No.  001**

Page 4 of 4

4 of 4