| |
|---|
| **Turner Broadcasting Sys., Inc. v National Basketball Assn.** |
| 2024 NY Slip Op 33569(U) |
| October 7, 2024 |
| Sup Ct, NY County |
| Docket Number: Index No. 653721/2024 |
| Judge: Joel M. Cohen |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK:  COMMERCIAL DIVISION PART 03M

-----------------------------------------------------------------------------------X

TURNER BROADCASTING SYSTEM, INC., WARNER
BROS. DISCOVERY, INC.,

|  | | |
|---|---|---|
| **INDEX NO.** | 653721/2024 |

Plaintiffs,

| **MOTION DATE** | 08/26/2024 |
|---|---|

- v -

| **MOTION SEQ. NO.** | 002 |
|---|---|

NATIONAL BASKETBALL ASSOCIATION, NBA MEDIA
VENTURES, LLC, NBA PROPERTIES, INC.

Defendants.

**DECISION + ORDER ON
MOTION**

-----------------------------------------------------------------------------------X

HON. JOEL M. COHEN:

The following e-filed documents, listed by NYSCEF document number (Motion 002) 49, 50, 51, 52, 53, 57, 62, 65

were read on this motion to                                         SEAL                                         .

Defendants National Basketball Association (the "NBA"), NBA Media Ventures, LLC

("NBAMV"), and NBA Properties, Inc. (collectively, "Defendants") move to seal and/or redact

the Digital Rights Agreement (NYSCEF 44) between NBAMV and nonparty Bleacher Report

that was filed in connection with Defendant's motion to dismiss.  Plaintiffs Turner Broadcasting

System, Inc., and Warner Bros. Discovery, Inc. ("Plaintiffs") submit that they do not oppose this

motion (NYSCEF 65).  For the following reasons, this motion is denied without prejudice to

proposing (and justifying) targeted redactions rather than complete sealing.

Pursuant to § 216.1 (a) of the Uniform Rules for Trial Courts, this Court may seal a filing

"upon a written finding of good cause, which shall specify the grounds thereof.  In determining

whether good cause has been shown, the court shall consider the interests of the public as well as

of the parties" (22 NYCRR § 216.1 [a]).

**653721/2024   TURNER BROADCASTING SYSTEM, INC. ET AL vs. NATIONAL BASKETBALL
ASSOCIATION ET AL
Motion No.  002**

**Page 1 of 4**

1 of 4

The Appellate Division has emphasized that "there is a broad presumption that the public is entitled to access to judicial proceedings and court records" (*Mosallem v Berenson*, 76 AD3d 345, 348 [1st Dept 2010]). "Since the right [of public access to court proceedings] is of constitutional dimension, any order denying access must be *narrowly tailored to serve compelling objectives*, such as a need for secrecy that outweighs the public's right to access" (*Danco Labs., Ltd. v Chemical Works of Gedeon Richter, Ltd.*, 274 AD2d 1, 6 [1st Dept 2000] [emphasis added]; *see also, e.g. Gryphon Dom. VI, LLC v APP Intern. Fin. Co., B.V.*, 28 AD3d 322, 324 [1st Dept 2006]). "Furthermore, because confidentiality is the exception and not the rule, 'the party seeking to seal court records has the burden to demonstrate compelling circumstances to justify restricting public access'" (*Maxim, Inc. v Feifer*, 145 AD3d 516, 517 [1st Dept 2016] [citations omitted]).

The Court has reviewed the Digital Rights Agreement (NYSCEF 44) and finds that Defendants' generalized assertions of confidentiality do not establish a compelling justification for the complete sealing that is proposed. While *portions* of the Digital Rights Agreement may include protectable confidential business information, Defendants have not made any attempt to isolate the specific portions of those documents that genuinely require redaction under the rigorous standards described above. Indeed, certain relevant portions of the Digital Rights Agreement are included in Defendants' publicly filed memorandum of law (NYSCEF 40), thus indicating that there are portions of the agreement that do not require sealing. In view of the admonition that sealing of court records must be "narrowly tailored to serve compelling objectives," (*Danco*, 274 AD2d at 6), Defendants will need to propose and justify targeted redactions that satisfy the requirements of 22 NYCRR § 216 [a] and applicable case law.

**653721/2024   TURNER BROADCASTING SYSTEM, INC. ET AL vs. NATIONAL BASKETBALL ASSOCIATION ET AL**
**Motion No. 002**

**Page 2 of 4**

2 of 4

Any subsequent motion seeking to address the above concerns should adhere to this Part's Sealing Practices and Procedures (see https://www.nycourts.gov/LegacyPDFS/courts/comdiv/NY/PDFs/part3-sealing-practices.pdf), including the requirement to submit an affidavit based on personal knowledge attesting to the factual bases for redaction and a spreadsheet setting forth the good faith basis for each proposed redaction.

Accordingly, it is

**ORDERED** that the motion to seal or redact is **DENIED** without prejudice to filing a new motion within 21 days to redact confidential portions of documents consistent with this Decision and Order and applicable case law; it is further

**ORDERED** that NYSCEF Doc. 44 shall remain provisionally sealed for 21 days from the date of the Court's entry of this Decision and Order on NYSCEF. If the parties file a new motion to seal or redact confidential portions of the documents consistent with this Decision and Order within that 21-day period, the documents shall remain provisionally sealed pending resolution of that motion. If no such motion is filed within 21 days from the entry of this Decision and Order, the parties shall within three business days thereafter direct the County Clerk to file unredacted/unsealed copies of the documents on NYSCEF; and it is further

**ORDERED** that nothing in this Decision and Order shall be construed as sealing documents or testimony to be admitted at trial; and it is further

**ORDERED** that service upon the County Clerk shall be made in accordance with the procedures set forth in the *Protocol on Courthouse and County Clerk Procedures for Electronically Filed Cases* (accessible at the "E-Filing" page on the court's website).

This constitutes the decision and order of the Court.

**653721/2024   TURNER BROADCASTING SYSTEM, INC. ET AL vs. NATIONAL BASKETBALL ASSOCIATION ET AL
Motion No.  002**                                                                 **Page 3 of 4**

[* 3]

[* 4]

202410071306101MCOHEN351A96D86D844369B4AFB86EA5517FEB

| 10/7/2024 | | | JOEL M. COHEN, J.S.C. |
|---|---|---|---|

**DATE**

| CHECK ONE: | | CASE DISPOSED | X | NON-FINAL DISPOSITION | |
|---|---|---|---|---|---|
| | | GRANTED | X DENIED | GRANTED IN PART | OTHER |
| APPLICATION: | | SETTLE ORDER | | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | FIDUCIARY APPOINTMENT | REFERENCE |

**653721/2024   TURNER BROADCASTING SYSTEM, INC. ET AL vs. NATIONAL BASKETBALL ASSOCIATION ET AL**
**Motion No.  002**

Page 4 of 4

4 of 4