| |
|---|
| **Fundamental Partners III LP v Voss** |
| 2024 NY Slip Op 34295(U) |
| November 29, 2024 |
| Supreme Court, New York County |
| Docket Number: Index No. 654738/2024 |
| Judge: Joel M. Cohen |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK:  COMMERCIAL DIVISION PART 03M

-----------------------------------------------------------------------------------X

FUNDAMENTAL PARTNERS III LP,

                                    Plaintiff,

                         - v -

WILLIAM MITCHELL VOSS, SETH BAME, JASON H.
REED

                                Defendants.

-----------------------------------------------------------------------------------X

| | |
|---|---|
| **INDEX NO.** | 654738/2024 |
| **MOTION DATE** | 09/12/2024 |
| **MOTION SEQ. NO.** | 002 |

**DECISION + ORDER ON
MOTION**

HON. JOEL M. COHEN:

The following e-filed documents, listed by NYSCEF document number (Motion 002) 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 38, 39

were read on this motion to                      SEAL                    .

      Plaintiff Fundamental Partners III, LP ("Fundamental" or "Plaintiff") moves for an order sealing and/or redacting certain portions of NYSCEF 3-17 filed in connection with this action. No parties have opposed this motion. For the following reasons, Plaintiff's motion is granted.

      Pursuant to § 216.1 (a) of the Uniform Rules for Trial Courts, this Court may seal a filing "upon a written finding of good cause, which shall specify the grounds thereof. In determining whether good cause has been shown, the court shall consider the interests of the public as well as of the parties" (22 NYCRR § 216.1 [a]).

      The Appellate Division has emphasized that "there is a broad presumption that the public is entitled to access to judicial proceedings and court records" (*Mosallem v Berenson*, 76 AD3d 345, 348 [1st Dept 2010]).  "Since the right [of public access to court proceedings] is of constitutional dimension, any order denying access must be *narrowly tailored to serve compelling objectives*, such as a need for secrecy that outweighs the public's right to access"

**654738/2024   FUNDAMENTAL PARTNERS III LP vs. VOSS, WILLIAM MITCHELL ET AL**        **Page 1 of 4**
**Motion No.  002**

1 of 4

(*Danco Labs., Ltd. v Chemical Works of Gedeon Richter, Ltd.*, 274 AD2d 1, 6 [1st Dept 2000] [emphasis added]; *see also, e.g. Gryphon Dom. VI, LLC v APP Intern. Fin. Co., B.V.*, 28 AD3d 322, 324 [1st Dept 2006]). "Furthermore, because confidentiality is the exception and not the rule, 'the party seeking to seal court records has the burden to demonstrate compelling circumstances to justify restricting public access'" (*Maxim, Inc. v Feifer*, 145 AD3d 516, 517 [1st Dept 2016] [citations omitted]).

The Court has reviewed NYSCEF 3-17, and finds that sealing of Ex. 1, 3, and 4 (NYSCEF 4, 6, and 7) and permitting redactions of the Glassman Affirmation (NYSCEF 3; redacted version filed at NYSCEF 18), Ex. 2 (NYSCEF 5, redacted version at NYSCEF 20), Ex. 5 (NYSCEF 8; redacted version at NYSCEF 23), Ex. 6 (NYSCEF 9; redacted version at NYSCEF 24), Ex. 7 (NYSCEF 10; redacted version at NYSCEF 25), Ex. 9 (NYSCEF 12; redacted version at NYSCEF 27), Ex. 11 (NYSCEF 14; redacted version at NYSCEF 29), Ex. 12 (NYSCEF 15; redacted version at NYSCEF 30), Ex. 13 (NYSCEF 16; redacted version at NYSCEF 31), Memorandum of law (NYSCEF 17; redacted version at NYSCEF 32) comport with the applicable sealing standards as laid out in *Mosallem*, 76 AD3d at 348-50, and its progeny, in that they contain sensitive non-public financial information about the Joint Venture and its members, as well as commercially sensitive information about a third party, disclosure of which would cause competitive harm to the parties. For the Glassman Affirmation, Exs. 2, 5, 6, 7, 9, 11, 12, and 13, and the memorandum of law, Plaintiff has proposed and justified targeted redactions that satisfy the requirements of 22 NYCRR § 216.1 (a).

However, for Ex. 8 (NYSCEF 11) and Ex. 10 (NYSCEF 13), Plaintiff submits that it sought to redact certain attachments to those letters, however the "redacted versions" filed at NYSCEF 26 and 28 do not contain any redactions. Accordingly, the Court will direct those

**654738/2024  FUNDAMENTAL PARTNERS III LP vs. VOSS, WILLIAM MITCHELL ET AL**   **Page 2 of 4**
**Motion No.  002**

2 of 4

documents to be sealed, and Plaintiff is directed to file redacted versions of those documents consist with the ruling herein within five (5) days of the date of this Order.

Accordingly, it is:

**ORDERED** that Plaintiff's Motion is **GRANTED**; it is further

**ORDERED** that the County Clerk shall maintain NYSCEF Document Numbers 18, 20, 23, 24, 25, 27, 29, 30, 31, and 32 in their current, redacted form; it is further

**ORDERED** that the County Clerk shall maintain NYSCEF Document Numbers 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 26, and 28 under seal, so that the documents may only be accessible by the parties, their counsel, and authorized court personnel; it is further

**ORDERED** that Plaintiff shall file redacted versions of Ex. 8 and 10 (NYSCEF 11 and 13) within five (5) days of the date of this Order; it is further

**ORDERED** that Plaintiff shall serve a copy of this Order with Notice of Entry upon the Clerk's Office, and such service upon shall be made in accordance with the procedures set forth in the *Protocol on Courthouse and County Clerk Procedures for Electronically Filed Cases* (accessible at the "E-Filing" page on the court's website); it is further

**ORDERED** as it related to future submissions, made by any party, that contain subject matter that the Court has authorized to be sealed by this Order, parties may file a joint stipulation, to be So Ordered, which will authorize the filing of such future submissions to be filed in redacted form on NYSCEF, provided that an <u>unredacted</u> copy of any redacted document is contemporaneously filed under seal; and it is further

**ORDERED** that nothing in this Order shall be construed as authorizing the sealing or redactions of any documents or evidence to be offered at trial.

This constitutes the decision and order of the Court

**654738/2024   FUNDAMENTAL PARTNERS III LP vs. VOSS, WILLIAM MITCHELL ET AL**
**Motion No.  002**

**Page 3 of 4**

20241129131812JMC0HENE31ABB0C318B43F7A90E2E5E028F9225

**11/29/2024**

**DATE**

**JOEL M. COHEN, J.S.C.**

| CHECK ONE: | | CASE DISPOSED | | X | NON-FINAL DISPOSITION | |
|---|---|---|---|---|---|---|
| | X | GRANTED | DENIED | | GRANTED IN PART | OTHER |
| APPLICATION: | | SETTLE ORDER | | | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | FIDUCIARY APPOINTMENT | REFERENCE |

**654738/2024   FUNDAMENTAL PARTNERS III LP vs. VOSS, WILLIAM MITCHELL ET AL**
**Motion No.  002**

**Page 4 of 4**

4 of 4