## Avenue Capital Mgt. II, L.P. v Chubb European Group S.E.

2024 NY Slip Op 34296(U)

December 4, 2024

Supreme Court, New York County

Docket Number: Index No. 654855/2022

Judge: Joel M. Cohen

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK:  COMMERCIAL DIVISION PART 03M

---------------------------------------------------------------------------------X

AVENUE CAPITAL MANAGEMENT II, L.P., STORM PETREL LEASING 979 LIMITED, STORM PETREL LEASING 1002 LIMITED, SHEARWATER AIRCRAFT LEASING II 28520 LIMITED, SHEARWATER AIRCRAFT LEASING 28533 LIMITED,

|  |  |
|---|---|
| **INDEX NO.** | 654855/2022 |
| **MOTION DATE** | 10/15/2024, 10/22/2024 |
| **MOTION SEQ. NO.** | 017 018 |

Plaintiff,

- v -

CHUBB EUROPEAN GROUP S.E., BERKSHIRE HATHAWAY INTERNATIONAL INSURANCE LTD., HOUSTON CASUALTY COMPANY, LONDON BRANCH, MAPFRE ESPANA COMPANIA DE SEGUROS Y REASEGUROS S.A., MITSUI SUMITOMO INSURANCE COMPANY (EUROPE) LIMITED, LLOYD'S SYNDICATE 0510 KLN, LLOYD'S SYNDICATE 1880 TMK, SWISS RE INTERNATIONAL SE, LLOYD'S SYNDICATE 2623 AFB, LLOYD'S SYNDICATE 0623 AFB, FIDELIS UNDERWRITING LIMITED, LLOYD'S SYNDICATE 0435 FDY, LLOYD'S SYNDICATE 1919 CVS, LLOYD'S SYNDICATE 1084 CSL, HDI GLOBAL SPECIALTY SE, GREAT LAKES INSURANCE SE, CONVEX INSURANCE UK LIMITED, AXIS SPECIALTY EUROPE SE, LLOYD'S SYNDICATE 0609 AUW, LLOYD'S SYNDICATE 3010 LRE, LLOYD'S SYNDICATE 2010 MMX, LLOYD'S SYNDICATE 4472 LIB, LLOYD'S SYNDICATE 2012 AAL, LLOYD'S SYNDICATE 1729 DUW, ARCH MANAGING AGENCY LIMITED FOR AND ON BEHALF OF THE 2021 UNDERWRITING MEMBERS OF SYNDICATE 2012 AT LLOYD'S, ATRIUM UNDERWRITERS LIMITED FOR AND ON BEHALF OF THE 2021 UNDERWRITING MEMBERS OF SYNDICATE 609 AT LLOYD'S, LIBERTY CORPORATE CAPITAL LIMITED AS SOLE CORPORATE MEMBER OF SYNDICATE 4472 AT LLOYD'S FOR THE 2021 YEAR OF ACCOUNT, BEAZLEY FURLONGE LIMITED FOR AND ON BEHALF OF THE 2021 UNDERWRITING MEMBERS OF SYNDICATE 623 AND SYNDICATE 2623 AT LLOYD'S, CHAUCER CORPORATE CAPITAL (NO. 3) LTD. (UK) AS THE SOLE CORPORATE MEMBER OF SYNDICATE 1084 AT LLOYD'S FOR THE 2021 YEAR OF ACCOUNT, DALE MANAGING AGENCY LIMITED FOR AND ON BEHALF OF THE 2021 UNDERWRITING MEMBERS OF SYNDICATE 1729 AT LLOYD'S, LANCASHIRE SYNDICATES LIMITED FOR AND ON BEHALF OF THE PARTICIPATING 2021 UNDERWRITING MEMBERS OF SYNDICATE 3010 AND SYNDICATE 2010 AT LLOYD'S, TOKIO MARINE KILN SYNDICATES LIMITED ON BEHALF OF ALL UNDERWRITING MEMBERS OF

**DECISION + ORDER ON MOTION**

**654855/2022   AVENUE CAPITAL MANAGEMENT II, L.P. ET AL vs. CHUBB EUROPEAN GROUP S.E. ET AL**
**Motion No.  017 018**

**Page 1 of 4**

1 of 4

[* 1]

LLOYD'S SYNDICATE 510 AND LLOYD'S SYNDICATE 1880, FARADAY CAPITAL LIMITED, THE SOLE MEMBER OF AND CAPITAL PROVIDER TO LLOYD'S SYNDICATE 435, STARR SYNDICATE LIMITED AS SOLE UNDERWRITING MEMBER OF LLOYD'S SYNDICATE 1919, STARR MANAGING AGENTS LIMITED ON BEHALF OF LLOYD'S SYNDICATE CVS 1919, DOES 1-10,

Defendant.

-----------------------------------------------------------------------------------X

HON. JOEL M. COHEN:

The following e-filed documents, listed by NYSCEF document number (Motion 017) 219, 220, 221, 222, 223, 224, 225, 226

were read on this motion to            SEAL           .

The following e-filed documents, listed by NYSCEF document number (Motion 018) 232, 233, 234, 235

were read on this motion to            SEAL           .

     Defendants Swiss Re International SE ("Swiss Re") and Chubb European Group S.E. ("Chubb") move for an order sealing and/or redacting the documents filed as NYSCEF Document Numbers 198, 209, 211, and 213, which were submitted in connection with Plaintiffs' Motion for Leave to Amend and File a Third Amended Complaint. Plaintiffs move for an order sealing the document filed as NYSCEF Document Number 206, which was submitted in connection with the same motion. For the following reasons, Swiss Re and Chubb's motion is **denied without prejudice**, and Plaintiffs' motion is **granted**.

     The Appellate Division has emphasized that "there is a broad presumption that the public is entitled to access to judicial proceedings and court records" (*Mosallem v Berenson*, 76 AD3d 345, 348 [1st Dept 2010]). "Since the right [of public access to court proceedings] is of constitutional dimension, any order denying access must be *narrowly tailored to serve compelling objectives*, such as a need for secrecy that outweighs the public's right to access" (*Danco Labs., Ltd. v Chemical Works of Gedeon Richter, Ltd.*, 274 AD2d 1, 6 [1st Dept

654855/2022   AVENUE CAPITAL MANAGEMENT II, L.P. ET AL vs. CHUBB EUROPEAN GROUP S.E. ET AL
Motion No.  017 018

Page 2 of 4

2 of 4

2000] [emphasis added]; *see also, e.g. Gryphon Dom. VI, LLC v APP Intern. Fin. Co., B.V.*, 28 AD3d 322, 324 [1st Dept 2006]). "Furthermore, because confidentiality is the exception and not the rule, 'the party seeking to seal court records has the burden to demonstrate compelling circumstances to justify restricting public access'" (*Maxim, Inc. v Feifer*, 145 AD3d 516, 517 [1st Dept 2016] [citations omitted]).

Pursuant to § 216.1 (a) of the Uniform Rules for Trial Courts, this Court may seal a filing "upon a written finding of good cause, which shall specify the grounds thereof.  In determining whether good cause has been shown, the court shall consider the interests of the public as well as of the parties."  (22 NYCRR § 216.1 [a]).  The fact that the parties have stipulated to sealing documents, or that they have designated the documents during discovery as "Confidential" or "Highly Confidential," does not, by itself, require granting of the motion (*see e.g. Maxim*, 145 AD3d at 518; *Gryphon*, 28 AD3d at 324).

Swiss Re and Chubb advance no basis to seal the documents other than that the documents were provisionally designated as "Confidential" under the stipulation and order filed as NYSCEF Document Number 97. This does not establish a compelling justification to seal the documents at issue. Accordingly, Swiss Re and Chubb's motion is denied.

Plaintiffs, on the other hand, have demonstrated that the document they seek to seal contains sensitive information relating to internal business strategy and investment valuations. Sealing this document comports with the applicable standards laid out in *Mosallem*, 76 AD3d at 348-50, and its progeny, in that the document contains sensitive, proprietary, and/or confidential business and financial information. Therefore, Plaintiffs' unopposed motion to seal is granted.

Accordingly, it is

654855/2022   AVENUE CAPITAL MANAGEMENT II, L.P. ET AL vs. CHUBB EUROPEAN GROUP
S.E. ET AL
Motion No.  017 018

Page 3 of 4

3 of 4

[* 3]

**ORDERED** that Defendants Swiss Re and Chubb's Motion to Seal (Motion 17) is **denied without prejudice** to filing a new motion within 14 days of the date of this Decision and Order to seal and/or redact confidential portions of documents consistent with this Decision and Order and applicable law; it is further

**ORDERED** that the documents filed as NYSCEF Document Numbers 198, 209, 211, and 213 shall remain provisionally sealed for 14 days from the date of this Decision and Order. If the parties file a new motion to seal or redact confidential portions of the documents within that 14 day period, the documents shall remain provisionally sealed pending the resolution of that motion. If no such motion is filed within 14 days from the date of this Decision and Order, the parties shall within 3 business days thereafter file unredacted or unsealed copies of the documents on NYSCEF; it is further

**ORDERED** that Plaintiffs' Motion to Seal (Motion 18) is **granted**; it is further

**ORDERED** that the County Clerk shall maintain NYSCEF Document Number 206 under seal, so that the document may only be accessible by the parties, their counsel, and authorized court personnel; and it is further

**ORDERED** that nothing in this Decision and Order shall be construed as authorizing the sealing or redaction of any documents or evidence to be offered at trial.

This constitutes the Decision and Order of the Court.

| 12/4/2024 | | | | |
|---|---|---|---|---|
| **DATE** | | | **JOEL M. COHEN, J.S.C.** | |

| CHECK ONE: | | CASE DISPOSED | X | NON-FINAL DISPOSITION | |
|---|---|---|---|---|---|
| | | GRANTED | | DENIED | X | GRANTED IN PART | | OTHER |
| APPLICATION: | | SETTLE ORDER | | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | FIDUCIARY APPOINTMENT | | REFERENCE |

**654855/2022  AVENUE CAPITAL MANAGEMENT II, L.P. ET AL vs. CHUBB EUROPEAN GROUP S.E. ET AL**
**Motion No.  017 018**

**Page 4 of 4**

[* 4]