**Ambase Corp. v 111 W. 57th Sponsor LLC**

2025 NY Slip Op 31795(U)

May 15, 2025

Supreme Court, New York County

Docket Number: Index No. 652301/2016

Judge: Joel M. Cohen

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK:  COMMERCIAL DIVISION PART 03M

------------------------------------------------------------------------------X

AMBASE CORPORATION, 111 WEST 57TH MANAGER
FUNDING LLC,111 WEST 57TH INVESTMENT LLC, ON
BEHALF OF ITSELF AND DERIVATIVELY ON BEHALF
OF 111 WEST 57TH PARTNERS LLC,111 WEST 57TH
MEZZ 1 LLC,

|  |  |  |
|---|---|---|
| **INDEX NO.** | 652301/2016 |
| **MOTION DATE** | 03/07/2025 |
| **MOTION SEQ. NO.** | 035 |

Plaintiffs,

- v -

111 WEST 57TH SPONSOR LLC,111 WEST 57TH
CONTROL LLC,111 WEST 57TH DEVELOPER
LLC,KEVIN MALONEY, MATTHEW PHILLIPS, MICHAEL
STERN, NED WHITE, 111 CONSTRUCTION MANAGER
LLC,PROPERTY MARKETS GROUP, INC.,JDS
DEVELOPMENT LLC,JDS CONSTRUCTION GROUP,
LLC,PMG CONSTRUCTION GROUP LLC,MANAGER
MEMBER 111W57 LLC,LIBERTY MUTUAL INSURANCE
COMPANY, LIBERTY MUTUAL FIRE INSURANCE
COMPANY, 111 WEST 57TH PARTNERS LLC (AS A
NOMINAL DEFENDANT), 111 WEST 57TH MEZZ 1 LLC,

**DECISION + ORDER ON
MOTION**

Defendants.

------------------------------------------------------------------------------X

HON. JOEL M. COHEN:

The following e-filed documents, listed by NYSCEF document number (Motion 035) 1151, 1152, 1153,
1154, 1155, 1156, 1157, 1158, 1159, 1160, 1161, 1162, 1163, 1164, 1165, 1166, 1168, 1169

were read on this motion to                                    SEAL                                    .

Defendants move for an order sealing and/or redacting certain portions of NYSCEF 950,

1037, 1038, 1039, 1040, 1041, 1043, 1102, and 1107 filed in connection with the parties'

summary judgment motions.  No parties oppose this motion. For the following reasons,

Defendants' motion is **granted in part**.

Pursuant to § 216.1 (a) of the Uniform Rules for Trial Courts, this Court may seal a filing

"upon a written finding of good cause, which shall specify the grounds thereof.  In determining

[* 1]

whether good cause has been shown, the court shall consider the interests of the public as well as of the parties" (22 NYCRR § 216.1 [a]).

The Appellate Division has emphasized that "there is a broad presumption that the public is entitled to access to judicial proceedings and court records" (*Mosallem v Berenson*, 76 AD3d 345, 348 [1st Dept 2010]). "Since the right [of public access to court proceedings] is of constitutional dimension, any order denying access must be *narrowly tailored to serve compelling objectives*, such as a need for secrecy that outweighs the public's right to access" (*Danco Labs., Ltd. v Chemical Works of Gedeon Richter, Ltd.*, 274 AD2d 1, 6 [1st Dept 2000] [emphasis added]; *see also, e.g. Gryphon Dom. VI, LLC v APP Intern. Fin. Co., B.V.*, 28 AD3d 322, 324 [1st Dept 2006]). "Furthermore, because confidentiality is the exception and not the rule, 'the party seeking to seal court records has the burden to demonstrate compelling circumstances to justify restricting public access'" (*Maxim, Inc. v Feifer*, 145 AD3d 516, 517 [1st Dept 2016] [citations omitted]).

The Court has reviewed the term sheet, dated March 5, 2018; Preferred 111W57 LLC Operating Agreement, dated May 7, 2018; Manager 111W57 LLC Operating Agreement, dated May 7, 2018; JV 111W57 LLC Agreement, dated May 7, 2018; Construction Management Agreement, dated May 4, 2018; Development Agreement, dated May 4, 2018; 111 West 57th JDS LLC Operating Agreement, dated March 3, 2014 (NYSCEF 1037, 1038, 1039, 1040, 1041, 1043, and 1107), and finds that Defendants have not demonstrated a sufficient basis for sealing these documents. The fact that the parties have stipulated to sealing documents, or that they have designated the documents during discovery as "Confidential" or "Highly Confidential," does not, by itself, require granting of the motion" (*see*, *e.g.*, *Maxim*, 145 AD3d at 518; *Gryphon*, 28 AD3d at 324). While *portions* of these documents may include sensitive commercial

**652301/2016   AMBASE CORPORATION vs. 111 WEST 57TH SPONSOR LLC**
**Motion No.  035**

**Page 2 of 4**

[* 2]

information, Defendants have not demonstrated that any such concern cannot be adequately protected through targeted redactions. In view of the admonition that sealing of court records must be "narrowly tailored to serve compelling objectives," (*Danco*, 274 AD2d at 6), Defendants will need to propose and justify targeted redactions that satisfy the requirements of 22 NYCRR § 216 (a) and applicable case law. NYSCEF 1037, 1038, 1039, 1040, 1041, 1043, and 1107 will remain provisionally under seal to permit the prompt filing of a follow-up motion proposing and explaining the need for specific redactions.

However, the proposed redactions of the deposition transcript of Michael Stern (filed at NYSCEF 950 and 1102, with redacted versions at NYSCEF 1155, 1156) are approved.

Finally, the Court notes that two other documents were filed under seal, but no parties have moved to seal these documents: NYSCEF 1048, 1049. However, Plaintiffs have filed several requests for temporary restricted status of these documents since they were filed in February 2025 (NYSCEF 1139, 1150, 170, 1177, 1179, 1201, 1204, 1252). A motion must be made within seven (7) days of the date of this Order to cover these documents, or they will be unsealed. Plaintiffs should be advised that the Court will not grant full sealing of memorandum of law or Rule 19-a Statements, and any proposed redactions must be narrowly tailored.

Accordingly, it is:

**ORDERED** that Defendants' Motion is **GRANTED IN PART**; it is further

**ORDERED** that the County Clerk shall maintain NYSCEF Document Number(s) 950, 1102, 1157, 1158, 1164, and 1165 under seal, so that the documents may only be accessible by the parties, their counsel, and authorized court personnel; it is further

**ORDERED** that the documents filed as NYSCEF 1037, 1038, 1039, 1040, 1041, 1043, 1107, 1159, 1160, 1161, 1162, and 1163 **shall remain provisionally sealed** for 21 days from the

**652301/2016 AMBASE CORPORATION vs. 111 WEST 57TH SPONSOR LLC**        **Page 3 of 4**
**Motion No. 035**

date of the Court's entry of this Decision and Order on NYSCEF. If the parties file a new motion to seal or redact confidential portions of the documents consistent with this Decision and Order within that 21-day period, the documents shall remain provisionally sealed pending resolution of that motion. If no such motion is filed within 21 days from the entry of this Decision and Order, the parties shall within three business days thereafter file unredacted/unsealed copies of the documents on NYSCEF; it is further

**ORDERED** that Defendants shall serve a copy of this order upon the Clerk's Office within five (5) days of the date of this Order, and such service shall be made in accordance with the procedures set forth in the *Protocol on Courthouse and County Clerk Procedures for Electronically Filed Cases* (accessible at the "E-Filing" page on the court's website); it is further

**ORDERED** as it related to future submissions, made by any party, that contain subject matter that the Court has authorized to be sealed by this Order, parties may file a joint stipulation, to be So Ordered, which will authorize the filing of such future submissions to be filed in redacted form on NYSCEF, provided that an <u>unredacted</u> copy of any redacted document is contemporaneously filed under seal; and it is further

**ORDERED** that nothing in this Order shall be construed as authorizing the sealing or redactions of any documents or evidence to be offered at trial.

20250515126101MCOHENF89AA6E66CFD4FA6A53B3BF28C20ED0

**5/15/2025**
**DATE**

**JOEL M. COHEN, J.S.C.**

| CHECK ONE: | | CASE DISPOSED | X | NON-FINAL DISPOSITION | |
|---|---|---|---|---|---|
| | | GRANTED | DENIED | X | GRANTED IN PART | | OTHER |
| APPLICATION: | | SETTLE ORDER | | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | FIDUCIARY APPOINTMENT | | REFERENCE |