**100 & 130 Biscayne LLC v EE NWT OM, LLC**

2026 NY Slip Op 30945(U)

March 10, 2026

Supreme Court, New York County

Docket Number: Index No. 650188/2021

Judge: Joel M. Cohen

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK: COMMERCIAL DIVISION PART 03M

-----------------------------------------------------------------------------X

100 AND 130 BISCAYNE LLC,

| | |
|---|---|
| | **INDEX NO.** 650188/2021 |
| Plaintiff, | **MOTION DATE** 11/21/2025, 01/20/2026 |
| - v - | |
| EE NWT OM, LLC, EAST END CAPITAL PARTNERS, LLC, JONATHAN YORMAK, DAVID PERETZ | **MOTION SEQ. NO.** 003 005 |
| Defendants. | **DECISION + ORDER ON MOTION** |

-----------------------------------------------------------------------------X

HON. JOEL M. COHEN:

The following e-filed documents, listed by NYSCEF document number (Motion 003) 206, 207, 208, 209, 210, 211, 212, 213, 214, 215, 216, 217, 219

were read on this motion to      SEAL     .

The following e-filed documents, listed by NYSCEF document number (Motion 005) 281, 282, 283, 284, 285, 287

were read on this motion to      SEAL     .

Defendants and Counterclaim Plaintiffs ("Defendants") moves for an order sealing and redacting certain portions of NYSCEF 97 & 208, 100 & 209, and 107 & 210 (Mot. Seq. 003) and NYSCEF 227, 261, and 263 (Mot. Seq. 005) filed in connection with this action. Plaintiffs oppose this motion. For the following reasons, Defendants' motion is granted in part.

Pursuant to § 216.1 (a) of the Uniform Rules for Trial Courts, this Court may seal a filing "upon a written finding of good cause, which shall specify the grounds thereof. In determining whether good cause has been shown, the court shall consider the interests of the public as well as of the parties" (22 NYCRR § 216.1 [a]).

The Appellate Division has emphasized that "there is a broad presumption that the public is entitled to access to judicial proceedings and court records" (*Mosallem v Berenson*, 76 AD3d

650188/2021   100 AND 130 BISCAYNE LLC vs. EE NWT OM, LLC
Motion No.  003 005

Page 1 of 4

345, 348 [1st Dept 2010]). "Since the right [of public access to court proceedings] is of constitutional dimension, any order denying access must be *narrowly tailored to serve compelling objectives*, such as a need for secrecy that outweighs the public's right to access" (*Danco Labs., Ltd. v Chemical Works of Gedeon Richter, Ltd.*, 274 AD2d 1, 6 [1st Dept 2000] [emphasis added]; *see also, e.g. Gryphon Dom. VI, LLC v APP Intern. Fin. Co., B.V.*, 28 AD3d 322, 324 [1st Dept 2006]). "Furthermore, because confidentiality is the exception and not the rule, 'the party seeking to seal court records has the burden to demonstrate compelling circumstances to justify restricting public access'" (*Maxim, Inc. v Feifer*, 145 AD3d 516, 517 [1st Dept 2016] [citations omitted]).

The Court has reviewed the proposed redactions in the Yormak Deposition Excerpts (NYSCEF 97 & 208 [redacted version at 211]; NYSCEF 227 [redacted version at 228]), Lew Deposition Excerpts (NYSCEF 100 & 209 [redacted version at 212]), Operating Agreement of OM (NYSCEF 107 & 210 [redacted version at 213]); Email chain dated April 25, 2019 (NYSCEF 261 [redacted version at NYSCEF 262]), and Email dated June 14, 2019 (NYSCEF 263 [redacted version at NYSCEF 264]) and finds the Defendants have made a sufficient showing that these documents contain sensitive non-public financial and personal information about Defendants' passive third-party investors which Defendants maintain as confidential in the ordinary course of their business. Defendants have proposed and justified targeted redactions that satisfy the requirements of 22 NYCRR § 216.1 (a). However, as to information related to one specific individual investor, Richard Ruben, that had already become part of the public record, redaction is not granted. Defendants will need to refile any documents that have redacted information relating to Mr. Ruben.

650188/2021   100 AND 130 BISCAYNE LLC vs. EE NWT OM, LLC
Motion No.  003 005

Page 2 of 4

2 of 4

While Plaintiff argues that, among other things, that it intends to argue at trial "that Defendants willfully breached the Operating Agreement between OM and Biscayne in part by placing their own interests ahead of the interests of the Company as a whole" and "[t]he identity of those investors and their relative capital commitments show who bore the real risk related to the Project and are important for Biscayne's presentation of its case" (NYSCEF 219 at 4), the Court's sealing orders clarify that "nothing in this Order shall be construed as authorizing the sealing or redactions of any documents or evidence to be offered at trial." Any request to seal materials at trial or in any other public court proceeding must be sought by separate motion.

Accordingly, it is:

**ORDERED** that Defendants' Motion is **GRANTED IN PART**; it is further

**ORDERED** that the County Clerk shall maintain NYSCEF Document Numbers 211, 212, 213, 228, 262, and 264 in their current, redacted form; it is further

**ORDERED** that the County Clerk shall maintain NYSCEF Document Numbers 97, 100, 107, 208, 209, 210, 227, 261, and 263 under seal, so that the documents may only be accessible by the parties, their counsel, and authorized court personnel; it is further

**ORDERED** that Defendants shall refile any documents which redacted information relating to Mr. Ruben within five (5) days of the date of this Order; it is further

**ORDERED** as it related to future submissions, made by any party, that contain subject matter that the Court has authorized to be sealed by this Order, parties may file a joint stipulation, to be So Ordered, which will authorize the filing of such future submissions to be filed in redacted form on NYSCEF, provided that an <u>unredacted</u> copy of any redacted document is contemporaneously filed under seal; and it is further

650188/2021   100 AND 130 BISCAYNE LLC vs. EE NWT OM, LLC          Page 3 of 4
Motion No.  003 005

3 of 4

[* 3]

**ORDERED** that nothing in this Order shall be construed as authorizing the sealing or redactions of any documents or evidence to be offered at trial.

20260311140212JMCOHEN34FA62E9C52E417E8EFAF6BEEF69AD32

**3/10/2026**
**DATE**

**JOEL M. COHEN, J.S.C.**

| CHECK ONE: | | □ | CASE DISPOSED | X | NON-FINAL DISPOSITION | |
|---|---|---|---|---|---|---|
| | | □ | GRANTED | □ DENIED | X | GRANTED IN PART | □ OTHER |
| APPLICATION: | | □ | SETTLE ORDER | □ | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | | □ | INCLUDES TRANSFER/REASSIGN | □ | FIDUCIARY APPOINTMENT | □ REFERENCE |

650188/2021   100 AND 130 BISCAYNE LLC vs. EE NWT OM, LLC
Motion No.  003 005

Page 4 of 4