**BFAM Asian Opportunities Master Fund, LP v Glory Health Indus. Ltd**

2024 NY Slip Op 34395(U)

December 16, 2024

Supreme Court, New York County

Docket Number: Index No. 651863/2023

Judge: Joel M. Cohen

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK:  COMMERCIAL DIVISION PART 03M

------------------------------------------------------------------------------X

BFAM ASIAN OPPORTUNITIES MASTER FUND, LP,
BURLINGTON LOAN MANAGEMENT DAC, PARTNER
REINSURANCE ASIA PTE LTD, PARTNER
REINSURANCE COMPANY LTD, PINNACLE SMART
LIMITED, QUANTUM EXPRESS HOLDINGS LIMITED,

|  |  |  |
|---|---|---|
| **INDEX NO.** | 651863/2023 |
| **MOTION DATE** | 09/16/2024 |
| **MOTION SEQ. NO.** | 004 |

Plaintiffs,

- v -

**DECISION + ORDER ON MOTION**

GLORY HEALTH INDUSTRY LIMITED, ALL AFFLUENT
HOLDINGS LIMITED, ALL AFFLUENT HOLDINGS (HK)
LIMITED, GLORY (HK) INVESTMENT LIMITED, STATE
WEALTH HOLDINGS LIMITED, STATE WEALTH
HOLDINGS (HK) LIMITED, WELL AMPLE HOLDINGS
LIMITED, WELL AMPLE HOLDINGS (HK) LIMITED

Defendants.

------------------------------------------------------------------------------X

HON. JOEL M. COHEN:

The following e-filed documents, listed by NYSCEF document number (Motion 004) 73, 76, 78, 97, 98, 99, 100, 101, 102, 103, 104, 105, 107, 108, 109, 110, 111, 112, 113

were read on this motion to                               SEAL                               .

Plaintiffs move for an order sealing and/or redacting certain portions of NYSCEF 73, 76, and 78 filed in connection with Plaintiffs' Motion for Summary Judgment.  Defendants partially oppose this motion to the extent it seeks to redact information concerning the prices at which Plaintiffs purchased their respective holdings in the Notes and subsequent market prices and performance of those Plaintiffs' respective holdings in the Notes (NYSCEF 107). For the following reasons, Plaintiffs' motion is **granted**.

Pursuant to § 216.1 (a) of the Uniform Rules for Trial Courts, this Court may seal a filing "upon a written finding of good cause, which shall specify the grounds thereof.  In determining

**651863/2023   BFAM ASIAN OPPORTUNITIES MASTER FUND, LP ET AL vs. GLORY HEALTH INDUSTRY LIMITED ET AL**
**Motion No.  004**

**Page 1 of 4**

1 of 4

whether good cause has been shown, the court shall consider the interests of the public as well as of the parties" (22 NYCRR § 216.1 [a]).

The Appellate Division has emphasized that "there is a broad presumption that the public is entitled to access to judicial proceedings and court records" (*Mosallem v Berenson*, 76 AD3d 345, 348 [1st Dept 2010]). "Since the right [of public access to court proceedings] is of constitutional dimension, any order denying access must be *narrowly tailored to serve compelling objectives*, such as a need for secrecy that outweighs the public's right to access" (*Danco Labs., Ltd. v Chemical Works of Gedeon Richter, Ltd.*, 274 AD2d 1, 6 [1st Dept 2000] [emphasis added]; *see also, e.g. Gryphon Dom. VI, LLC v APP Intern. Fin. Co., B.V.*, 28 AD3d 322, 324 [1st Dept 2006]). "Furthermore, because confidentiality is the exception and not the rule, 'the party seeking to seal court records has the burden to demonstrate compelling circumstances to justify restricting public access'" (*Maxim, Inc. v Feifer*, 145 AD3d 516, 517 [1st Dept 2016] [citations omitted]).

The Court has reviewed the proposed redactions for NYSCEF 73, 76, 78 (proposed redactions filed at NYSCEF 99, 100, and 101; public redacted versions at NYSCEF 74, 77, and 79) and finds that they comport with the applicable sealing standards as laid out in *Mosallem*, 76 AD3d at 348-50, and its progeny, in that the information proposed to be redacted contains confidential, commercially-sensitive non-public financial information such as Plaintiffs' investment objectives, investment performance data, and account numbers, the disclosure of which could cause competitive harm. Plaintiffs have proposed and justified targeted redactions that satisfy the requirements of 22 NYCRR § 216.1 (a).

**651863/2023   BFAM ASIAN OPPORTUNITIES MASTER FUND, LP ET AL vs. GLORY HEALTH INDUSTRY LIMITED ET AL**
**Motion No.  004**

**Page 2 of 4**

2 of 4

[* 2]

At this stage, Defendants' argument that the public interest in the pricing information outweighs the potential harm to Plaintiffs is unavailing. Defendants have not demonstrated that this information is relevant, nor have Defendants disputed that Plaintiffs' businesses involve trading in notes and other securities in secondary markets or that this information is commercially sensitive.

This Court reserves the right to revisit this ruling after summary judgment, if necessary. Accordingly, it is:

**ORDERED** that the Motion is **GRANTED**; it is further

**ORDERED** that the County Clerk shall maintain NYSCEF Document Numbers 74, 77, and 79 in their current, redacted form; it is further

**ORDERED** that the County Clerk shall maintain NYSCEF Document Numbers 73, 76, 78, 99, 100, and 101 under seal, so that the documents may only be accessible by the parties, their counsel, and authorized court personnel; it is further

**ORDERED** as it related to future submissions, made by any party, that contain subject matter that the Court has authorized to be sealed by this Order, parties may file a joint stipulation, to be So Ordered, which will authorize the filing of such future submissions to be filed in redacted form on NYSCEF, provided that an <u>unredacted</u> copy of any redacted document is contemporaneously filed under seal; and it is further

**ORDERED** that the moving party shall serve a copy of this Order with notice of entry upon the County Clerk's office; such service upon the County Clerk shall be made in accordance with the procedures set forth in the *Protocol on Courthouse and County Clerk Procedures for Electronically Filed Cases* (accessible at the "E-Filing" page on the court's website)]; and it is further

**651863/2023   BFAM ASIAN OPPORTUNITIES MASTER FUND, LP ET AL vs. GLORY HEALTH INDUSTRY LIMITED ET AL**
**Motion No.  004**

**Page 3 of 4**

3 of 4

[* 3]

**ORDERED** that nothing in this Order shall be construed as authorizing the sealing or redactions of any documents or evidence to be offered at trial.

20241216175508JMCOHEN0AD83C93FB1849E097821BA90DA97E7C

| **12/16/2024** | | | | | | | |
| --- | --- | --- | --- | --- | --- | --- | --- |
| **DATE** | | | | | **JOEL M. COHEN, J.S.C.** | | |
| CHECK ONE: | | | CASE DISPOSED | | X | NON-FINAL DISPOSITION | |
| | X | GRANTED | | DENIED | | GRANTED IN PART | OTHER |
| APPLICATION: | | | SETTLE ORDER | | | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | | | INCLUDES TRANSFER/REASSIGN | | | FIDUCIARY APPOINTMENT | REFERENCE |

**651863/2023   BFAM ASIAN OPPORTUNITIES MASTER FUND, LP ET AL vs. GLORY HEALTH          Page 4 of 4
INDUSTRY LIMITED ET AL
Motion No.  004**

[* 4]                                                                                         4 of 4