## Owen v Array US, Inc.

2025 NY Slip Op 30000(U)

January 1, 2025

Supreme Court, New York County

Docket Number: Index No. 651471/2022

Judge: Joel M. Cohen

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK:  COMMERCIAL DIVISION PART 03M

----------------------------------------------------------------------------------X

JASON OWEN,

Plaintiff,

- v -

ARRAY US, INC.,MARTIN TOHA

Defendant.

| | |
|---|---|
| INDEX NO. | 651471/2022 |
| MOTION DATE | 09/19/2024, 10/15/2024, 10/30/2024, 10/30/2024, 10/30/2024 |
| MOTION SEQ. NO. | 012 013 014 014 014 |

**DECISION + ORDER ON MOTION**

----------------------------------------------------------------------------------X

HON. JOEL M. COHEN:

The following e-filed documents, listed by NYSCEF document number (Motion 012) 249, 250, 251, 252, 253, 254, 255, 256, 257, 258, 262, 263, 451, 452, 453, 454, 455, 456, 457, 458, 459, 460, 461

were read on this motion to         SEAL / REDACT        .

The following e-filed documents, listed by NYSCEF document number (Motion 013) 266, 267, 268, 269, 270, 271, 272, 462, 463, 464

were read on this motion to         SEAL / REDACT        .

The following e-filed documents, listed by NYSCEF document number (Motion 014) 403, 404, 405, 406, 407, 408, 465, 466, 467, 468, 469, 470, 471, 472, 473, 474, 475, 476, 477, 478, 479, 480, 481

were read on this motion to         SEAL / REDACT        .

The following e-filed documents, listed by NYSCEF document number (Motion 014) 403, 404, 405, 406, 407, 408, 465, 466, 467, 468, 469, 470, 471, 472, 473, 474, 475, 476, 477, 478, 479, 480, 481

were read on this motion to         SEAL / REDACT        .

The following e-filed documents, listed by NYSCEF document number (Motion 014) 403, 404, 405, 406, 407, 408, 465, 466, 467, 468, 469, 470, 471, 472, 473, 474, 475, 476, 477, 478, 479, 480, 481

were read on this motion to         SEAL / REDACT        .

Defendant Array US, Inc. ("Array"), seeks orders sealing and/or redacting exhibits that were filed in connection with this proceeding as NYSCEF Document Numbers 213, 219, 222, 227, 236, and 246 (MS 012); 157 (MS 013); and 284, 286, 293, 305, 316, 318, 324, 331, 334,

**651471/2022   OWEN, JASON vs. ARRAY US, INC. ET AL**
**Motion No.  012 013 014 014 014**

**Page 1 of 5**

1 of 5

336, 338, 342, 345, 363, 367, 371, 376, 378, 383, 388, 396, 398, and 399 (MS 014). For the following reasons, the motions are **granted in part**.

Pursuant to § 216.1 (a) of the Uniform Rules for Trial Courts, this Court may seal a filing "upon a written finding of good cause, which shall specify the grounds thereof. In determining whether good cause has been shown, the court shall consider the interests of the public as well as of the parties" (22 NYCRR § 216.1 [a]).

The Appellate Division has emphasized that "there is a broad presumption that the public is entitled to access to judicial proceedings and court records" (*Mosallem v Berenson*, 76 AD3d 345, 348 [1st Dept 2010]). "Since the right [of public access to court proceedings] is of constitutional dimension, any order denying access must be *narrowly tailored to serve compelling objectives*, such as a need for secrecy that outweighs the public's right to access" (*Danco Labs., Ltd. v Chemical Works of Gedeon Richter, Ltd.*, 274 AD2d 1, 6 [1st Dept 2000] [emphasis added]; *see also, e.g. Gryphon Dom. VI, LLC v APP Intern. Fin. Co., B.V.*, 28 AD3d 322, 324 [1st Dept 2006]). "Furthermore, because confidentiality is the exception and not the rule, 'the party seeking to seal court records has the burden to demonstrate compelling circumstances to justify restricting public access'" (*Maxim, Inc. v Feifer*, 145 AD3d 516, 517 [1st Dept 2016] [citations omitted]). Additionally, sealing and/or redacting is appropriate to the extent the documents sought to be sealed contain nonpublic information about confidential contracts or agreements with non-parties (*see Mancheski v Gabelli Grp. Capital Partners*, 39 AD3d 499, 502 [2d Dept 2007] ["[D]isclosure could impinge on the privacy rights of third parties who clearly are not litigants herein[.]"]).

The Court has reviewed Defendant's proposed sealing of the documents filed as NYSCEF Document Numbers 316, 383, and 388 (MS 14), as well as the targeted proposed

**651471/2022 OWEN, JASON vs. ARRAY US, INC. ET AL**
**Motion No. 012 013 014 014 014**

**Page 2 of 5**

2 of 5

[* 2]

redactions of the documents filed as NYSCEF Document Numbers 213, 219, 222, 227, and 246 (MS 12); 157 (MS 13); and 284, 286, 293, 331, 363, 367, 371, 398, and 399 (MS 14), and finds that they comport with the applicable sealing standard as laid out in *Mosallem*, 76 AD3d at 348-350, and its progeny, in that they contain sensitive and confidential business and financial information, including that of third parties.

However, Defendant's generalized assertions of good cause for the remaining Exhibits filed as NYSCEF Document Numbers 236 (MS 12); and 305, 318, 324, 334, 336, 338, 342, 345, 376, 378, and 396 (MS 14) do not establish a compelling justification for the complete sealing that is proposed. While *portions* of these documents may include confidential business and financial information, the proposed sealing is not adequately explained or justified. Thus, Array should propose and justify targeted redactions that satisfy the requirements of 22 NYCRR § 216 [a] and applicable case law. They may also provide evidence of the parties' reasonable expectation of confidentiality in the arbitration to support sealing of records and the public interest (or lack thereof) in the subject matter of the documents.

Any subsequent motion seeking to address the above concerns should adhere to this Part's Sealing Practices and Procedures (*see* https://www.nycourts.gov/LegacyPDFS/courts/comdiv/NY/PDFs/part3-sealing-practices.pdf), including the requirement to submit an affidavit based on personal knowledge attesting to the factual bases for redaction, unredacted copies of the documents with proposed targeted redactions in highlights, and a spreadsheet setting forth a non-conclusory good faith basis for each proposed redaction.

Accordingly, it is

**651471/2022   OWEN, JASON vs. ARRAY US, INC. ET AL**
**Motion No.  012 013 014 014 014**

**Page 3 of 5**

3 of 5

[* 3]

**ORDERED** that Defendant's motions to seal and/or redact (MS 12, MS 13, MS 14) are **granted in part**, insofar as they seeks to seal the documents filed as NYSCEF Document Numbers 213, 219, 222, 227, and 246 (MS 12); 157 (MS 13); and 284, 286, 293, 316, 331, 363, 367, 371, 383, 388, 398, and 399 (MS 14), and is otherwise **denied**, without prejudice to filing a new motion within 21 days to redact confidential portions of the remaining Exhibits consistent with this Decision and Order and applicable case law; it is further

**ORDERED** that the County Clerk shall maintain the documents filed as NYSCEF Document Numbers 213, 219, 222, 227, and 246 (MS 12); 157 (MS 13); and 284, 286, 293, 316, 331, 363, 367, 371, 383, 388, 398, and 399 (MS 14) under seal, so that the documents may be accessible by the parties, their counsel, and authorized court personnel; it is further

**ORDERED** that, to the extent they have not yet done so, the parties shall file redacted copies of the documents filed as NYSCEF Document Numbers 213, 219, 222, 227, and 246 (MS 12); 157 (MS 13); and 284, 286, 293, 331, 363, 367, 371, 398, and 399 (MS 14); it is further

**ORDERED** that the documents filed as NYSCEF Document Numbers 236 (MS 12); and 305, 318, 324, 334, 336, 338, 342, 345, 376, 378, and 396 (MS 14) shall remain provisionally sealed for 21 days from the date of the Court's entry of this Decision and Order on NYSCEF. If the parties file a new motion (or new motions) to seal or redact confidential portions of the documents consistent with this Decision and Order within that 21-day period, the documents shall remain provisionally sealed pending resolution of that motion. If no such motion is filed within 21 days from the entry of this Decision and Order, the parties shall alert the County Clerk that the motion to seal the above-referenced documents has been denied by the Court and that the documents should be unsealed on NYSCEF; it is further

**651471/2022   OWEN, JASON vs. ARRAY US, INC. ET AL**
**Motion No.  012 013 014 014 014**

Page 4 of 5

**ORDERED** that as it relates to future submissions, made by any party, that contain subject matter that the court has authorized to be sealed by this Decision and Order, parties may file a joint stipulation, to be So Ordered, which will authorize the filing of such future submissions to be filed in redacted form on NYSCEF, provided that an unredacted copy of any document is contemporaneously filed under seal; it is further

**ORDERED** that nothing in this Order shall be construed as authorizing the sealing or redactions of any documents or evidence to be offered at trial.

This constitutes the Decision and Order of the Court.

20250101104602JMCOHEN203AEA262E9E409EA498C114DFF42A96

__1/1/2025__
DATE

_____
JOEL M. COHEN, J.S.C.

| CHECK ONE: | ☐ CASE DISPOSED | | ☒ NON-FINAL DISPOSITION | |
|---|---|---|---|---|
| | ☐ GRANTED | ☐ DENIED | ☒ GRANTED IN PART | ☐ OTHER |
| APPLICATION: | ☐ SETTLE ORDER | | ☐ SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | ☐ INCLUDES TRANSFER/REASSIGN | | ☐ FIDUCIARY APPOINTMENT | ☐ REFERENCE |

**651471/2022   OWEN, JASON vs. ARRAY US, INC. ET AL**
**Motion No.  012 013 014 014 014**

Page 5 of 5

5 of 5