**U.S. Bank N.A. v DLJ Mtge. Capital, Inc.**

2025 NY Slip Op 31401(U)

April 21, 2025

Supreme Court, New York County

Docket Number: Index No. 650369/2013

Judge: Joel M. Cohen

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK:  COMMERCIAL DIVISION PART 03M

---------------------------------------------------------------------------------X

U.S. BANK NATIONAL ASSOCIATION ,BY,

                              Plaintiff,

                    - v -

DLJ MORTGAGE CAPITAL, INC.,

                           Defendant.

---------------------------------------------------------------------------------X

| | |
|---|---|
| **INDEX NO.** | 650369/2013 |
| **MOTION DATE** | 02/24/2025 |
| **MOTION SEQ. NO.** | 031 |

**DECISION + ORDER ON MOTION**

HON. JOEL M. COHEN:

The following e-filed documents, listed by NYSCEF document number (Motion 031) 1182, 1183, 1184, 1185, 1186, 1187, 1188, 1189, 1190

were read on this motion to                     SEAL                    .

Plaintiff U.S. Bank National Association, solely in its capacity as Trustee (the "Trustee") of the Home Equity Asset Trust 2007-1 (the "Trust") moves for an order sealing and/or redacting portions of a Decision + Order on Motion entered in *U.S. Bank N.A. v. DLJ Mortg. Cap., Inc.,* (Sup Ct, NY County, Index Nos. 652699/2013, 651174/2013, and 654157/2012, dated December 2, 2019 [Friedman, J.]) (NYSCEF 1176 [the "Decision"]) and the Direction and Indemnity Agreement between the Trustee and the directing certificateholders of the Trust with respect to the prosecution of this action (NYSCEF 1177 [the "D&I"]) filed in connection with the Affirmation of David J Abrams in Support of Plaintiff's Calculation of Damages application. No parties oppose this request.  For the following reasons, the Trustee's motion is granted in part.

Pursuant to § 216.1(a) of the Uniform Rules for Trial Courts, this Court may seal a filing "upon a written finding of good cause, which shall specify the grounds thereof.  In determining

**650369/2013   U.S. BANK NATIONAL vs. DLJ MORTGAGE CAPITAL, INC.**
  **Motion No.  031**

**Page 1 of 4**

whether good cause has been shown, the court shall consider the interests of the public as well as of the parties" (22 NYCRR § 216.1[a]).

The Appellate Division has emphasized that "there is a broad presumption that the public is entitled to access to judicial proceedings and court records" (*Mosallem v Berenson*, 76 AD3d 345, 348 [1st Dept 2010]). "Since the right [of public access to court proceedings] is of constitutional dimension, any order denying access must be *narrowly tailored to serve compelling objectives*, such as a need for secrecy that outweighs the public's right to access" (*Danco Labs., Ltd. v Chemical Works of Gedeon Richter, Ltd.*, 274 AD2d 1, 6 [1st Dept 2000] [emphasis added]; *see also, e.g. Gryphon Dom. VI, LLC v APP Intern. Fin. Co., B.V.*, 28 AD3d 322, 324 [1st Dept 2006]). "Furthermore, because confidentiality is the exception and not the rule, 'the party seeking to seal court records has the burden to demonstrate compelling circumstances to justify restricting public access'" (*Maxim, Inc. v Feifer*, 145 AD3d 516, 517 [1st Dept 2016] [citations omitted]). Good cause must "rest on a sound basis or legitimate need to take judicial action" (*Danco Labs.*, 274 AD2d at 9). Agreements to seal are insufficient as such agreements do not establish "good cause" (*MBIA Ins. Corp. v Countrywide Home Loans, Inc.*, 2012 NY Slip Op 33147[U], * 9 [Sup Ct, NY County 2012]).

Justice Friedman previously approved redactions to her Decision in the actions (including this present action) in which the Decision was issued (*see* NYSCEF 1189), and the Decision was filed under seal in those cases and a redacted version was filed on the dockets (Index No. 651174/2013, NYSCEF 414, 416); (Index No. 654157/2012, NYSCEF 400, 402); (Index No. 652699/2013, NYSCEF 286, 289). Deferring to that ruling, the Court grants the request to file the same redacted version of the Decision here.

**650369/2013   U.S. BANK NATIONAL vs. DLJ MORTGAGE CAPITAL, INC.**
**Motion No.  031**

**Page 2 of 4**

2 of 4

[* 2]

According to the Trustee, the approved redactions of the Decision were quotes from and references to a similar D&I Agreement to the one the Trustee seeks to seal here (NYSCEF 1184 ["Valaperta Affirm"] ¶6). Justice Friedman held that "the Trustee had demonstrated good cause, pursuant to 22 NYCRR 216.1, for the sealing, because the information sought to be redacted consisted of confidential communications concerning the Direction and Indemnity Agreements and the Joinder Agreements and references to confidential information concerning the transactions and related invoices" (NYSCEF 1189). However, Justice Friedman's decision states that the Trustee sought *redactions* of the "similar D&I Agreement" (*id.*). Therefore, the Court will only grant redactions of the D&I that are consistent with Justice Friedman's Order granting redactions of the similar D&I, not the full sealing requested here (unless that was previously granted by Justice Friedman). The Trustee is directed to refile the D&I with those redactions within seven (7) days of the date of this Order.

Accordingly, it is:

**ORDERED** that Trustee's Motion is **GRANTED IN PART**; it is further

**ORDERED** that the County Clerk shall maintain NYSCEF Document Number(s) NYSCEF 1188 in its current, redacted form; it is further

**ORDERED** that the County Clerk shall maintain NYSCEF Document Number(s) 1176, 1177, and 1187 under seal, so that the documents may only be accessible by the parties, their counsel, and authorized court personnel; it is further

**ORDERED** that the Trustee shall file a redacted version of the D&I Agreement consistent with this Court's instructions within seven (7) days of the date of this Order; it is further

**650369/2013   U.S. BANK NATIONAL vs. DLJ MORTGAGE CAPITAL, INC.**
**Motion No.  031**

Page 3 of 4

**ORDERED** that the Trustee shall serve a copy of this order upon the Clerk's Office within five (5) days of the date of this Order, and such service shall be made in accordance with the procedures set forth in the *Protocol on Courthouse and County Clerk Procedures for Electronically Filed Cases* (accessible at the "E-Filing" page on the court's website); it is further

**ORDERED** as it related to future submissions, made by any party, that contain subject matter that the Court has authorized to be sealed by this Order, parties may file a joint stipulation, to be So Ordered, which will authorize the filing of such future submissions to be filed in redacted form on NYSCEF, provided that an <u>unredacted</u> copy of any redacted document is contemporaneously filed under seal; and it is further

**ORDERED** that nothing in this Order shall be construed as authorizing the sealing or redactions of any documents or evidence to be offered at trial.

202504211253501MCOHEN2D9A313CE94745A5946FFB199EFD86BB

| __4/21/2025__ | | | | |
|---|---|---|---|---|
| **DATE** | | | **JOEL M. COHEN, J.S.C.** | |
| **CHECK ONE:** | X CASE DISPOSED | | NON-FINAL DISPOSITION | |
| | X GRANTED | DENIED | GRANTED IN PART | OTHER |
| **APPLICATION:** | SETTLE ORDER | | SUBMIT ORDER | |
| **CHECK IF APPROPRIATE:** | INCLUDES TRANSFER/REASSIGN | | FIDUCIARY APPOINTMENT | REFERENCE |

**650369/2013   U.S. BANK NATIONAL vs. DLJ MORTGAGE CAPITAL, INC.**
**Motion No.  031**

**Page 4 of 4**