## Youge Venture Capital LLC v Xueyuan Han

2025 NY Slip Op 31519(U)

April 26, 2025

Supreme Court, New York County

Docket Number: Index No. 654762/2022

Judge: Joel M. Cohen

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK:  COMMERCIAL DIVISION PART 03M

------------------------------------------------------------------------------------X

YOUGE VENTURE CAPITAL LIMITED LIABILITY
COMPANY, JIANZONG YANG, JINXIA LI, HONGHUA
WEI, XIAOYUN ZHANG, BING LI, JI JIANG, HONGLIAN
XU, SHUNQI LYU, JINGYUE MO, CHUNJI ZHONG,
CHUNSHI ZHONG, LI NI, XIANGLING LI, XIAOCHEN
JIANG, LILING CHI, FANG GAO, GUOFANG GU, HANYA
CHEN, YING WANG, LIANG FANG, CHUNXIANG WANG,
XUKUN WANG, DAMING YI, XICHAN CHEN,
YANGYUAN SHI, JUAN LU, XIAOPING TANG, JIANMING
YE, QINFANG HUA, HONG ZHANG, XUE WANG,
QUNHUI PENG, JIE LIU, LIXIANG LUO, RONG FAN,
JUAN NING, JINYING YANG, CHUNFENG ZHAO,
JINGHUA CHEN, SHENGJUN HU, YUMEI HUANG, XIN
HUANG, MENGXIA KAN, LIHUA SONG, LU ZHANG,
YUAN XIE, HAO SUN, XIAOXU LI, RUI ZHANG, LEI
ZHANG, YOU LU, YANJU SONG, XIN SUI, JUAN ZHU,
XUE WANG, XUDONG SHEN, NING GE, PENG SONG,
SHU TIAN, HONG CHANG, GUOQIANG WANG, MINQI
ZHANG, PEIJUN YAO, LING LIU, FENGYUN GU, YUN
YUN, CHENHONG LI, HUIMIN BIAN, WEIJUN WANG,
ZHENWEI SU, BIN LIU, HUAMEI DU, KAIJING SHEN,
XIHUA DU, LEI SUN, QUN ZHANG, YING MENG, YUBIN
JIANG, PEIHUAN CAI, YIXING HUANG, GUIZHEN
WANG, HAILONG LI, ZUNAN CAI, JIE PANG, LIJUN
WANG, HAILING DING, YUMING ZHENG, HAIBIN
SHANG, YANBING LI, GUOHUA ZHAO, SHUMIN SHAO,
SHANDE LUO,

| | |
|---|---|
| **INDEX NO.** | 654762/2022 |
| **MOTION DATE** | 03/18/2025 |
| **MOTION SEQ. NO.** | 009 |

**DECISION + ORDER ON MOTION**

Plaintiffs,

- v -

XUEYUAN HAN,

Defendant.

------------------------------------------------------------------------------------X

HON. JOEL M. COHEN:

The following e-filed documents, listed by NYSCEF document number (Motion 009) 350, 351, 352, 353, 354, 355, 356, 357, 358, 359, 360, 361, 362, 363, 364, 365, 366, 367, 368, 369, 370, 371, 372, 373

were read on this motion to _____ SEAL _____.

     Xueyuan Han ("Defendant") moves for an order sealing and/or redacting portions of

Exhibits 2-6 to the Affirmation of Xintong Zhang (NYSCEF 334) and Exhibits ZE, ZF, and ZH

**654762/2022   YOUGE VENTURE CAPITAL LIMITED LIABILITY COMPANY ET AL vs. HAN, XUEYUAN**
**Motion No.  009**

**Page 1 of 4**

to the Affirmation of Olivia Huang (NYSCEF 343) filed by Plaintiffs in connection with their motions to compel and for an adverse inference. No parties oppose this request. For the following reasons, Defendant's motion is granted.

Pursuant to § 216.1(a) of the Uniform Rules for Trial Courts, this Court may seal a filing "upon a written finding of good cause, which shall specify the grounds thereof. In determining whether good cause has been shown, the court shall consider the interests of the public as well as of the parties" (22 NYCRR § 216.1[a]).

The Appellate Division has emphasized that "there is a broad presumption that the public is entitled to access to judicial proceedings and court records" (*Mosallem v Berenson*, 76 AD3d 345, 348 [1st Dept 2010]). "Since the right [of public access to court proceedings] is of constitutional dimension, any order denying access must be *narrowly tailored to serve compelling objectives*, such as a need for secrecy that outweighs the public's right to access" (*Danco Labs., Ltd. v Chemical Works of Gedeon Richter, Ltd.*, 274 AD2d 1, 6 [1st Dept 2000] [emphasis added]; *see also, e.g. Gryphon Dom. VI, LLC v APP Intern. Fin. Co., B.V.*, 28 AD3d 322, 324 [1st Dept 2006]). "Furthermore, because confidentiality is the exception and not the rule, 'the party seeking to seal court records has the burden to demonstrate compelling circumstances to justify restricting public access'" (*Maxim, Inc. v Feifer*, 145 AD3d 516, 517 [1st Dept 2016] [citations omitted]). Good cause must "rest on a sound basis or legitimate need to take judicial action" (*Danco Labs.*, 274 AD2d at 9). Agreements to seal are insufficient as such agreements do not establish "good cause" (*MBIA Ins. Corp. v Countrywide Home Loans, Inc.*, 2012 NY Slip Op 33147[U], * 9 [Sup Ct, NY County 2012]).

The Court has reviewed Defendant's proposed redactions of Exhibits 2, 3, 4, 5, 6 to the Affirmation of Xintong Zhang (NYSCEF 336, 337, 338, 339, 340) and Exhibits ZE, ZF, and ZH

654762/2022   YOUGE VENTURE CAPITAL LIMITED LIABILITY COMPANY ET AL vs. HAN, XUEYUAN
Motion No. 009

Page 2 of 4

to the Affirmation of Olivia Huang (NYSCEF 344, 345, 347) as provided in Exhibits 2, 3, 4, 5, 6, 7, 8, 9 to the Affirmation of Jeffrey S. Boxer dated March 18, 2025 (NYSCEF 354, 356, 358, 360, 362, 364, 366, 368) (redacted versions at 355, 357, 359, 361, 363, 365, 367, 369) and finds that they comport with the applicable sealing standards as laid out in *Mosallem*, 76 AD3d at 348-50, and its progeny, in that they contain personally identifying information of defendant or third parties including taxpayer ID Numbers, business registration numbers, bank accounts, and details of wire transfer transactions. Defendant has proposed and justified targeted redactions that satisfy the requirements of 22 NYCRR § 216.1 (a).

Plaintiffs shall file unredacted copies of Exhibit 7 (NYSCEF 341) to the Affirmation of Xintong Zhang and Exhibit ZG (NYSCEF 346) to Affirmation of Olivia Huang as Defendant has not sought to seal or redact these exhibits.

Accordingly, it is:

**ORDERED** that Defendant's Motion is **GRANTED**, and Plaintiffs are directed to file the above-referenced redacted versions of Exhibits 2, 3, 4, 5, 6 to the Affirmation of Xintong Zhang and Exhibits ZE, ZF, and ZH to the Affirmation of Olivia Huang within five (5) days of the date of this Order; it is further

**ORDERED** that Plaintiff shall file public, unredacted copies of Exhibit 7 to the Affirmation of Xintong Zhang and Exhibit ZG to Affirmation of Olivia Huang within five (5) days of the date of this Order; it is further

**ORDERED** that the County Clerk shall maintain NYSCEF Document Number(s) 336, 337, 338, 339, 340, 355, 357, 359, 361, 363, 365, 367, and 369 in their current, redacted form; it is further

654762/2022   YOUGE VENTURE CAPITAL LIMITED LIABILITY COMPANY ET AL vs. HAN, XUEYUAN
Motion No.  009

Page 3 of 4

3 of 4

**ORDERED** that the County Clerk shall maintain NYSCEF Document Number(s) 354, 356, 358, 360, 362, 364, 366, and 368 under seal, so that the documents may only be accessible by the parties, their counsel, and authorized court personnel; it is further

**ORDERED** that Defendant shall serve a copy of this order upon the Clerk's Office within five (5) days of the date of this Order, and such service shall be made in accordance with the procedures set forth in the *Protocol on Courthouse and County Clerk Procedures for Electronically Filed Cases* (accessible at the "E-Filing" page on the court's website); it is further

**ORDERED** as it related to future submissions, made by any party, that contain subject matter that the Court has authorized to be sealed by this Order, parties may file a joint stipulation, to be So Ordered, which will authorize the filing of such future submissions to be filed in redacted form on NYSCEF, provided that an <u>unredacted</u> copy of any redacted document is contemporaneously filed under seal; and it is further

**ORDERED** that nothing in this Order shall be construed as authorizing the sealing or redactions of any documents or evidence to be offered at trial.

This constitutes the decision and order of the Court.

| 4/26/2025 | |
|---|---|
| **DATE** | **JOEL M. COHEN, J.S.C.** |

| CHECK ONE: | | CASE DISPOSED | | X | NON-FINAL DISPOSITION | | |
|---|---|---|---|---|---|---|---|
| | X | GRANTED | | DENIED | | GRANTED IN PART | OTHER |
| APPLICATION: | | SETTLE ORDER | | | SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | FIDUCIARY APPOINTMENT | | REFERENCE |

**654762/2022   YOUGE VENTURE CAPITAL LIMITED LIABILITY COMPANY ET AL vs. HAN, XUEYUAN**
**Motion No.  009**

**Page 4 of 4**

[* 4]

4 of 4