| Ghoulam v Bentivoglio |
|:---:|
| 2025 NY Slip Op 31691(U) |
| May 9, 2025 |
| Supreme Court, New York County |
| Docket Number: Index No. 650061/2025 |
| Judge: Joel M. Cohen |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK:  COMMERCIAL DIVISION PART 03M

------------------------------------------------------------------------------X

FAOUZI GHOULAM, FG INTERNATIONAL GROUP INC.,

                Plaintiff,

                - v -

FABRIZIO ARENGI BENTIVOGLIO, FIDIA CAPITAL, LLC,
MORROW SODALI GLOBAL LLC

                Defendants.

------------------------------------------------------------------------------X

| | |
|---|---|
| **INDEX NO.** | 650061/2025 |
| **MOTION DATE** | 02/07/2025 |
| **MOTION SEQ. NO.** | 002 |

**DECISION + ORDER ON MOTION**

HON. JOEL M. COHEN:

The following e-filed documents, listed by NYSCEF document number (Motion 002) 69, 70, 71, 72, 73, 74, 78

were read on this motion to          SEAL / REDACT         .

Defendants Fabrizio Arengi Bentivoglio and Fidia Capital, LLC (collectively, "Defendants") move for an order sealing certain documents filed in this action as NYSCEF Document Nos. 62, 63, 64, 65, 66, 71, and 72, and permitting Defendants to file redacted versions of the same. Defendants' motion is unopposed. For the following reasons, Defendants' motion is **granted in part**.

Pursuant to § 216.1(a) of the Uniform Rules for Trial Courts, this Court may seal a filing "upon a written finding of good cause, which shall specify the grounds thereof.  In determining whether good cause has been shown, the court shall consider the interests of the public as well as of the parties" (22 NYCRR § 216.1[a]).

The Appellate Division has emphasized that "there is a broad presumption that the public is entitled to access to judicial proceedings and court records" (*Mosallem v Berenson*, 76 AD3d 345, 348 [1st Dept 2010]).  "Since the right [of public access to court proceedings] is of

**650061/2025   GHOULAM, FAOUZI ET AL vs. BENTIVOGLIO, FABRIZIO ARENGI ET AL**      **Page 1 of 4**
  **Motion No.  002**

1 of 4

constitutional dimension, any order denying access must be *narrowly tailored to serve compelling objectives*, such as a need for secrecy that outweighs the public's right to access" (*Danco Labs., Ltd. v Chemical Works of Gedeon Richter, Ltd.*, 274 AD2d 1, 6 [1st Dept 2000] [emphasis added]; *see also, e.g. Gryphon Dom. VI, LLC v APP Intern. Fin. Co., B.V.*, 28 AD3d 322, 324 [1st Dept 2006]). "Furthermore, because confidentiality is the exception and not the rule, 'the party seeking to seal court records has the burden to demonstrate compelling circumstances to justify restricting public access'" (*Maxim, Inc. v Feifer*, 145 AD3d 516, 517 [1st Dept 2016] [citations omitted]). Good cause must "rest on a sound basis or legitimate need to take judicial action" (*Danco Labs.*, 274 AD2d at 9). Agreements to seal are insufficient as such agreements do not establish "good cause" (*MBIA Ins. Corp. v Countrywide Home Loans, Inc.*, 2012 NY Slip Op 33147[U], * 9 [Sup Ct, NY County 2012]).

Defendants seek to redact account numbers listed in the bank statements filed as NYSCEF Document Nos. 62-66. Pursuant to Uniform Rule 202.5, the parties are required to redact all but the last four digits of bank account numbers in public filings whether or not a sealing order has been sought (22 NYCRR § 202.5 [e] [1] [iv]). Accordingly, Defendants are permitted to redact all but the last four digits of the bank account numbers in these documents.

Defendants also seek to redact certain transactions listed in the bank statements filed as NYSCEF Document Nos. 62-65, namely those not referenced by Plaintiffs in their moving papers in support of their motion for interim relief (Mot. Seq. 1). Defendants provide no compelling circumstances to justify these redactions; rather, they merely assert that the transactions are of little public interest. This does not comport with the applicable sealing standards as laid out in *Mosallem* (76 AD3d at 348-50), and its progeny.

**650061/2025   GHOULAM, FAOUZI ET AL vs. BENTIVOGLIO, FABRIZIO ARENGI ET AL**
  Motion No.  002

**Page 2 of 4**

2 of 4

Defendants also seek to maintain Plaintiffs' reply memorandum in support of their motion for interim relief in the redacted format in which it was filed (*see* NYSCEF 60 ["Reply Memo"]).  This request is based in part on the memorandum's references to confidential financial statements, which Defendants state may have been obtained improperly (NYSCEF 69 [Defendants' Memorandum in Support of their Sealing Motion] at 2 n. 2). However, Defendants disclaim that they seek to redact the financial statements themselves, which were publicly filed to the docket (*id.*; *see* NYSCEF 33). Additional redactions in the Reply Memo pertain to certain transactions detailed in the bank statements discussed above. Defendants, however, only seek to redact portions of the bank statements that were *not* referenced in Plaintiffs' moving papers. Defendants do not establish that the information is sufficiently sensitive to warrant redaction under *Mosallem* (76 AD3d at 348-50) and its progeny.

Accordingly, it is

**ORDERED** that Defendants' motion is **granted in part**; it is further

**ORDERED** that the County Clerk shall maintain NYSCEF Document Numbers 62-66 under seal, so that the documents may only be accessible by the parties, their counsel, and authorized court personnel; it is further

**ORDERED** that Defendants shall file copies of the documents filed as NYSCEF 62-66 with the redactions required under 22 NYCRR § 202.5(e)(1)(iv) within 30 days of the date of this decision and order; it is further

**ORDERED** that the County Clerk is directed to unseal the documents filed as NYSCEF Document Numbers 71 and 72; it is further

**ORDERED** that Defendants shall serve a copy of this order upon the Clerk's Office within five (5) days of the date of this Order, and such service shall be made in accordance with

**650061/2025   GHOULAM, FAOUZI ET AL vs. BENTIVOGLIO, FABRIZIO ARENGI ET AL**
**Motion No.  002**

**Page 3 of 4**

the procedures set forth in the *Protocol on Courthouse and County Clerk Procedures for Electronically Filed Cases* (accessible at the "E-Filing" page on the court's website); and it is further

ORDERED that nothing in this decision and order shall be construed as authorizing the sealing or redaction of any documents or evidence to be offered at trial.

This constitutes the decision and order of the Court.

20250509142955JMCOHEN533A9EEC6F634EC E9E238951D9D63F0C

| 5/9/2025 | |
|---|---|
| **DATE** | **JOEL M. COHEN, J.S.C.** |

| CHECK ONE: | | CASE DISPOSED | | **X** | NON-FINAL DISPOSITION | |
|---|---|---|---|---|---|---|
| | | GRANTED | DENIED | **X** | GRANTED IN PART | OTHER |
| APPLICATION: | | SETTLE ORDER | | | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | FIDUCIARY APPOINTMENT | REFERENCE |

650061/2025   GHOULAM, FAOUZI ET AL vs. BENTIVOGLIO, FABRIZIO ARENGI ET AL          Page 4 of 4
Motion No.  002

4 of 4

[* 4]