**Weinberg v MCG Equity Partners LLC**

2025 NY Slip Op 32280(U)

June 27, 2025

Supreme Court, New York County

Docket Number: Index No. 651268/2025

Judge: Joel M. Cohen

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK:  COMMERCIAL DIVISION PART 03M

-------------------------------------------------------------------------------------X

JEFFREY WEINBERG,

|  |  |  |
|---|---|---|
| **INDEX NO.** | 651268/2025 |

Plaintiff,

|  |  |
|---|---|
| **MOTION DATE** | 03/12/2025, 05/22/2025 |

- v -

MCG EQUITY PARTNERS LLC, MERIDIAN CAPITAL
GROUP, LLC

|  |  |
|---|---|
| **MOTION SEQ. NO.** | 002 003 |

Defendants.

**DECISION + ORDER ON MOTION**

-------------------------------------------------------------------------------------X

HON. JOEL M. COHEN:

The following e-filed documents, listed by NYSCEF document number (Motion 002) 14, 15, 16, 23

were read on this motion to                    SEAL                                    .

The following e-filed documents, listed by NYSCEF document number (Motion 003) 46, 47, 48, 49, 50, 51, 52, 53, 54, 55, 56, 57, 58, 59, 60, 61, 62, 63, 64, 65, 66, 67, 68, 69, 70, 71, 72, 73, 74, 75, 76, 77, 78, 79, 80, 81, 82, 83, 84, 85, 86, 87, 88, 89

were read on this motion to                    SEAL                                    .

Plaintiff Jeffrey Weinberg ("Plaintiff" or "Weinberg") moves for an order sealing certain documents filed in connection with his motion for summary judgment in lieu of complaint filed as NYSCEF Document Numbers 4, 5, 9, 10, and 18-21, and permitting Plaintiff to file redacted versions of the same. Defendants MCG Equity Partners, LLC and Meridian Capital Croup, LLC ("Defendants") move for an order sealing certain documents filed in connection with the same motion as NYSCEF Document Numbers 28-45 and 48-65. Neither motion is opposed. For the following reasons, Plaintiff's motion is **granted**, and Defendants' motion is **granted in part**.

Pursuant to § 216.1(a) of the Uniform Rules for Trial Courts, this Court may seal a filing "upon a written finding of good cause, which shall specify the grounds thereof.  In determining

[* 1]

whether good cause has been shown, the court shall consider the interests of the public as well as of the parties" (22 NYCRR § 216.1 [a]).

The Appellate Division has emphasized that "there is a broad presumption that the public is entitled to access to judicial proceedings and court records" (*Mosallem v Berenson*, 76 AD3d 345, 348 [1st Dept 2010]). "Since the right [of public access to court proceedings] is of constitutional dimension, any order denying access must be *narrowly tailored to serve compelling objectives*, such as a need for secrecy that outweighs the public's right to access" (*Danco Labs., Ltd. v Chemical Works of Gedeon Richter, Ltd.*, 274 AD2d 1, 6 [1st Dept 2000] [emphasis added]; *see also, e.g. Gryphon Dom. VI, LLC v APP Intern. Fin. Co., B.V.*, 28 AD3d 322, 324 [1st Dept 2006]). "Furthermore, because confidentiality is the exception and not the rule, 'the party seeking to seal court records has the burden to demonstrate compelling circumstances to justify restricting public access'" (*Maxim, Inc. v Feifer*, 145 AD3d 516, 517 [1st Dept 2016] [citations omitted]). Good cause must "rest on a sound basis or legitimate need to take judicial action" (*Danco Labs.*, 274 AD2d at 9). Agreements to seal are insufficient as such agreements do not establish "good cause" (*MBIA Ins. Corp. v Countrywide Home Loans, Inc.*, 2012 NY Slip Op 33147[U], * 9 [Sup Ct, NY County 2012]).

The Court has reviewed the proposed redactions provided by Plaintiff in the documents filed as NYSCEF 18-21 and finds that they comport with the applicable sealing standards as laid out in *Mosallem*, 76 AD3d at 348-50, and its progeny, in that they contain sensitive, proprietary, and/or confidential business and financial information. Plaintiff has proposed and justified targeted redactions that satisfy the requirements of 22 NYCRR § 216.1 (a).

Defendants' motion seeks to seal NYSCEF Documents 30-32, 35-36, 38, 48-50, and 53-56 in their entirety. NYSCEF 30 and 48 are copies of the same letter agreement that was the

**651268/2025   WEINBERG, JEFFREY vs. MCG EQUITY PARTNERS LLC ET AL**
**Motion No.  002 003**

**Page 2 of 5**

2 of 5

[* 2]

subject of Plaintiff's sealing motion. Plaintiff's proposed redactions of those documents—which were unopposed—sufficiently protect the commercially sensitive material in that document. Accordingly, Defendants' motion for complete sealing is denied as it relates to those documents. Defendants may file Plaintiff's redacted version of that document instead.

NYSCEF 31-32, 35-36, 38, 49, and 56 reflect terms of a confidential settlement agreement. Sealing these is consistent with the applicable standards (*see In re E. 51st St. Crane Collapse Litig.*, 31 Misc 3d 406, 416 (Sup Ct, NY County 2011] [sealing settlement agreement given "strong public policy favoring settlement of claims, coupled with the good cause shown in maintaining the confidentiality of the settlement terms so as to avoid creating an artificial monetary threshold in future settlement negotiations"]).

Defendants also seek to redact NYSCEF Documents 28-29, 33-34, 37, 39-45, 51-52, 55, and 57-65. NYSCEF 33-34, 37, 39, 51-52, 55, and 57 include correspondence in connection with negotiating the settlement agreement. For the reasons described above, the Court finds Defendants' proposed redactions to be appropriate. Likewise, the proposed redactions to NYSCEF 40, 43, 58, and 61 are appropriate as they target references to those negotiations. While most of the redactions to NYSCEF 44 and 62 also reference those negotiations, the proposed redactions to the second paragraph of that correspondence do not comport with the applicable sealing standard. Likewise, the proposed redactions to page 20 of NYSCEF 45 and 63 are unwarranted. Defendants may file revised redacted versions of NYSCEF 44, 45, 62, and 63 in accordance with the above.

The proposed redactions in NYSCEF 28, 29, 41, 59, 64, and 65 are appropriate, as they target references to the settlement negotiations and portions of the letter agreement the Court deemed appropriate in connection with Plaintiff's motion. However, the redactions to NYSCEF

**651268/2025   WEINBERG, JEFFREY vs. MCG EQUITY PARTNERS LLC ET AL**
**Motion No.  002 003**

**Page 3 of 5**

3 of 5

[* 3]

42 and 60 are directed to generic statements referencing unredacted portions of the letter agreement. Defendants' motion is therefore denied as to NYSCEF 42 and 60.

Accordingly, it is

**ORDERED** that Plaintiff's motion is **GRANTED**, and Defendants' motion is **GRANTED IN PART**; it is further

**ORDERED** that the County Clerk shall maintain NYSCEF Document Numbers 4, 5, 9, and 10 in their current, redacted form; it is further

**ORDERED** that the County Clerk shall maintain NYSCEF Document Numbers 18-21, 28-45, 48-52, and 55-65 under seal, so that the documents may only be accessible by the parties, their counsel, and authorized court personnel; it is further

**ORDERED** that Plaintiff shall serve a copy of this order upon the Clerk's Office within five (5) days of the date of this order, and such service shall be made in accordance with the procedures set forth in the *Protocol on Courthouse and County Clerk Procedures for Electronically Filed Cases* (accessible at the "E-Filing" page on the court's website); it is further

**ORDERED** that Defendants shall file redacted versions of NYSCEF 28-30, 33-34, 37, 39-45, 48, 51-52, 55, and 57-65 in accordance with the above opinion within seven (7) days of the date of this order; it is further

**ORDERED** as it related to future submissions, made by any party, that contain subject matter that the Court has authorized to be sealed by this Order, parties may file a joint stipulation, to be So Ordered, which will authorize the filing of such future submissions to be filed in redacted form on NYSCEF, provided that an unredacted copy of any redacted document is contemporaneously filed under seal; and it is further

**651268/2025   WEINBERG, JEFFREY vs. MCG EQUITY PARTNERS LLC ET AL**
**Motion No.  002 003**

**Page 4 of 5**

4 of 5

[* 4]

**ORDERED** that nothing in this Order shall be construed as authorizing the sealing or redactions of any documents or evidence to be offered at trial.

This constitutes the decision and order of the Court.

20250627171946JMCOHEN444A11EAD0294721BE6B68D14A5C31E6

_____
**6/27/2025**
**DATE**

_____
**JOEL M. COHEN, J.S.C.**

| CHECK ONE: | | CASE DISPOSED | | X | NON-FINAL DISPOSITION | |
|---|---|---|---|---|---|---|
| | | GRANTED | DENIED | X | GRANTED IN PART | OTHER |
| APPLICATION: | | SETTLE ORDER | | | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | FIDUCIARY APPOINTMENT | REFERENCE |

[* 5]